Citation Nr: 1528165 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-25 218 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability evaluation based upon individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: J. Michael Wood, Attorney-at-Law


ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel 


INTRODUCTION

The Veteran, who is the appellant, had active service from July 1966 to July 1968. 

This matter originally came before the Board of Veterans' Appeals (Board) on appeal from a July 2011 rating determination of the Department of Veterans Affairs (VA) Regional Office (RO) located in St. Petersburg, Florida. Although the Veteran subsequently submitted a new VA Form 21-8940 in March 2012, his prior TDIU claim was still on appeal at that time. This is because the Veteran submitted a statement in March 2012 that expressed disagreement with the July 2011 rating decision and which was received within one year of the rating decision, and therefore constitutes a valid notice of disagreement. The RO issued a statement of the case as to this issue in July 2012, and the Veteran timely perfected his appeal.

In July 2014, the Board remanded this matter for further development, to include a VA examination. The requested development has been accomplished and the matter is now ready for appellate review. 

In a June 2015 letter, the Veteran's attorney requested that the Board hold the case for 90 days to allow for the submission of evidence and argument. In light of the full grant of the benefit sought on appeal below, the Board finds that the extension request is moot. 


FINDINGS OF FACT

1. Service connection is currently in effect for PTSD, rated as 70 percent disabling; tinnitus, rated as 10 percent disabling; and bilateral hearing loss, rated as noncompensable. The combined disability evaluation is 70 percent. 

2. The Veteran's service-connected disabilities preclude substantially gainful employment consistent with his education and occupational experience.


CONCLUSION OF LAW

The criteria for a TDIU have been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Assist and Notify

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). 

In view of the Board's favorable decision on this claim, further assistance is not required to substantiate that element of the claim.


TDIU

A TDIU may be assigned when a Veteran has one service-connected disability rated at 60 percent or more, or two or more service-connected disabilities with at least one rated at 40 percent or more and he has a combined rating of at least 70 percent. 38 C.F.R. § 4.16(a). In calculating whether a Veteran meets that 60/70 percent schedular criteria, disabilities resulting from common etiology or a single accident, or disabilities affecting a single body system, are considered one disability. The record must also show that the service-connected disabilities alone result in such impairment of mind or body that the average person would be precluded from securing or following a substantially gainful occupation. 38 C.F.R. § 4.16(a). 

In any event, it is the policy of the VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disability shall be rated totally disabled. 38 C.F.R. § 4.16(b); see 38 C.F.R. §§ 3.340, 3.341, 4.15 (2014). 

In this regard, in Hatlestad v. Derwinski, 1 Vet. App. 164 (1991), the Court referred to apparent conflicts in the regulations pertaining to individual unemployability benefits. Specifically, the Court indicated that there was a need to discuss whether the standard delineated in the controlling regulations was an "objective" one based on the average industrial impairment or a "subjective" one based upon a Veteran's actual industrial impairment. In a pertinent precedent decision, VA General Counsel concluded that the controlling VA regulations generally provide that veterans who, in light of their individual circumstances, but without regard to age, are unable to secure and follow a substantially gainful occupation as the result of service-connected disability shall be rated totally disabled, without regard to whether an average person would be rendered unemployable by the circumstances. Thus, the criteria for determining unemployability include a subjective standard. It was also determined that "unemployability" is synonymous with inability to secure and follow a substantially gainful occupation. VAOPGCPREC 75-91 (O.G.C. Prec. 75-91); 57 Fed. Reg. 2317 (1992). 

The Court has also held that a Veteran's advancing age and nonservice-connected disabilities may not be considered in the determination of whether a Veteran is entitled to a TDIU. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.321, 3.340, 3.341, 4.16(a)(b), 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). For a Veteran to prevail on a claim based on unemployability, it is necessary that the record reflect some factor which places him in a different position than other Veterans with the same disability rating. The sole fact that a Veteran is unemployed or has difficulty obtaining employment is not enough to prove unemployability. Additionally, it is noted that a high rating in and of itself is recognition that the impairment makes it difficult to obtain and keep employment. Thus, the question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. See Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). 

Furthermore, marginal employment shall not be considered substantially gainful employment. Marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist, on a facts found basis (includes but is not limited to employment in a protected environment such as a family business or sheltered workshop), when earned annual income exceeds the poverty threshold. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16(a).

 Service connection is currently in effect for PTSD, rated as 70 percent disabling; tinnitus, rated as 10 percent disabling; and bilateral hearing loss, rated as noncompensable. The combined disability evaluation is 70 percent.

Based upon the above assigned disability evaluations, the Veteran has met the criteria for consideration under 38 C.F.R. § 4.16(a).

The Board notes that the Veteran has a high school education and employment with a police department as a criminal investigator for over 15 years until 2000. He subsequently worked several security jobs on a part-time basis until 2004. The Veteran also indicated that he was self-employed as an asphalt paver for 15 hours per week from January 2001 to March 2010. 

At the time of a June 2012 VA psychiatric examination, the Veteran's PTSD was found to cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgement, thinking and/or mood. 

The Veteran reported at that time that in the past year he had tried to get a job with three different security agencies but was let go when a background check was completed. The Veteran stated that he was also not getting along with the other security guards. 

The examiner indicated that the Veteran's ability to maintain gainful employment was significantly limited due to decreased concentration as well as difficulty getting along with others. The examiner stated that the position would need to be one in which he had limited contact with others with a low stress and demand level. 

In conjunction with the July 2014 VA remand, the Veteran was afforded a VA psychiatric examination in October 2014. 

The examiner indicated that the Veteran had the PTSD-related symptoms of depressed mood, suspiciousness, mild memory loss, and difficulty establishing and maintaining effective work and social relationships. He was also noted to have irritable behavior and angry outbursts with little or no provocation, typically expressed as verbal or physical aggression toward people or objects. He was further reported to have exaggerated startle response and hypervigilance. The examiner indicated that the Veteran was not totally unemployable. He stated that the Veteran would need to do sedentary work because of his physical problems. The examiner indicated that the Veteran could do such work as data entry, sitting at a gate house checking people in. 

At the time of an October 2014 VA examination for hearing loss and tinnitus, the Veteran's hearing loss was noted to have an impact on his ability to work in that he had to keep asking people to repeat themselves in general conversations and that he did not hear alarms or any high-pitched sounds. 

While the VA examiners did not specifically indicate that the specific disability they each examined the Veteran for would solely prevent his ability to maintain employment, they each provided limitations that the particular service-connected disability would cause. Moreover, a review of the Veteran's past employment reveals that he was involved in activities which required much interaction with others, with no indication of past experience with sedentary employment, including data entry. Furthermore, the Veteran has not shown the ability to maintain full-time employment since his prior work as a criminal investigator. 

The examiners' opinions, when read collectively, demonstrate that the Veteran cannot work in the field in which he has training and experience, that he has lack of training and education in other fields of work, and that the service-connected PTSD, when combined with the inability to hear normal conversation prevents him from obtaining and securing substantially gainful employment. For example, while the Veteran was noted to be able to sit at a gate house checking people in, his inability to hear normal conversation would likely prevent such type of employment. Furthermore, as noted above, the Veteran is easily irritable and prone to angry outbursts with little or no provocation. Based upon his hearing impairment and flare-ups of anger, sitting at a gate house checking people in, while having difficulty hearing them, would not be feasible employment. Moreover, the Veteran has not been shown to have the education, skills or employment history to perform data entry. The Board finds that the weight of the evidence, include the examiners' findings, along with the Veteran's statements and work history, demonstrate that he has met the criteria set forth in § 4.16, and that a TDIU based upon service-connected disabilities is warranted.


ORDER

Entitlement to TDIU is granted.




____________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs