Citation Nr: 1542430 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 05-27 445 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to a total disability rating due to individual unemployability (TDIU) prior to January 29, 2015.


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. Parke, Associate Counsel


INTRODUCTION

The Veteran had active service from August 1990 to August 1991. This included service in the Persian Gulf Theater of Operations as well as Desert Storm/Desert Shield, from January 1991 to July 1991.

This appeal is before the Board of Veterans' Appeals (Board) on appeal from September 2003, December 2006, January 2008, June 2012, November 2012, and March 2015 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran testified in support of these claims during a hearing held at the RO before the undersigned Veterans Law Judge in October 2009.

This case was referred to the Director of Compensation and Pension for a determination of qualification for extraschedular TDIU. The Director made a determination in March 2014, finding the Veteran did not qualify for extraschedular TDIU.

In September 2014, the Board denied the claim. The Veteran appealed the decision denying the claim to the United States Court of Appeals for Veterans Claims (Court). In March 2015, the RO granted the claim for a TDIU, effective January 29, 2015. The Veteran and VA filed an August 2015 Joint Motion for Remand (JMR) with the Court. In an August 2015 Order, the Court remanded the claim to the Board for compliance with the instructions in the JMR. 

This appeal was processed entirely electronically using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems.





FINDING OF FACT

The Veteran's service-connected disability rendered him totally unable to secure or maintain substantially gainful employment.


CONCLUSION OF LAW

The criteria for a TDIU on an extraschedular basis are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

This decision is a total grant of the benefits sought on appeal, and any error related to the Veterans Claims Assistance Act (VCAA) is moot. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); Mayfield v. Nicholson, 19 Vet. App. 103, (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340 (2015). If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age. 38 C.F.R. § 3.341 (2015). In evaluating total disability, full consideration must be given to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effects of combinations of disability. 38 C.F.R. § 4.15 (2015).

If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability, provided that the Veteran has one service-connected disability rated at 60 percent or higher; or two or more service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. The existence or degree of non-service connected disabilities will be disregarded if the above-stated percentage requirements are met and the evaluator determines that the Veteran's service-connected disabilities render him incapable of substantial gainful employment. 38 C.F.R. § 4.16(a) (2015). All Veterans who are shown to be unable to secure and follow a substantially gainful occupation by reason of service-connected disability shall be rated totally disabled. 38 C.F.R. § 4.16(b) (2015).

A total rating based on individual unemployability may be assigned in the case of a Veteran who fails to meet the percentage requirements but who is unemployable solely by reason of service-connected disability. 38 C.F.R. § 4.16(b) (2015). The record must show some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment. The ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993).

Posttraumatic Stress Disorder (PTSD) is the Veteran's only service-connected disability. The Veteran's PTSD has been rated as 50 percent disabling from March 2003, 30 percent disabling from April 2008, 50 percent disabling from July 2011, and 70 percent disabling from January 2015. Therefore, during the time period on appeal the Veteran does not meet the criteria for a schedular TDIU but can be awarded a TDIU on an extraschedular basis. 

The Board does not have the authority to assign an extraschedular TDIU rating in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001). However, the Veteran's case was referred to the Director, Compensation Service and in March2014, the Director denied entitlement to an extraschedular TDIU. Because the Director, Compensation Service has already addressed the issue, the Board may now consider it without prejudice to the Veteran.

In October 2009, the Veteran testified that he had not worked since 1998 because of his service-connected PTSD. He testified that he had three to four panic attacks per week from his PTSD. He also testified that he took antidepressants twice a day, had problems with memory and irritability, and avoided people and crowds.

There can be no doubt that further medical inquiry could be undertaken with a view towards development of the claim, but such would not materially assist the Board in this determination. Under the "benefit-of-the-doubt" rule, where there exists "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet.App. 52 (1993); see also Massey v. Brown, 
7 Vet.App. 204 (1994). 

Providing the Veteran with the benefit of the doubt, he is entitled to a TDIU prior to January 29, 2015.





ORDER

A TDIU prior to January 29, 2015 is granted.



____________________________________________
Kelli A. Kordich
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs