**Willard VAN HOOSE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1645.

United States Court of Veterans Appeals.

March 11, 1993.

Michael P. Horan, Columbia, MD, was on the brief, for appellant.

James A. Endicott, Jr., Killeen, TX, Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., Deputy Asst. Gen. Counsel, were on the brief, for appellee.

Before KRAMER, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Willard Van Hoose, appeals an August 12, 1991, decision of the Board of Veterans' Appeals (BVA or Board), which denied entitlement to a total disability rating based upon individual unemployability.

## BACKGROUND

Appellant had active service from July 1941 to August 1945. In 1946, appellant received a 10% disability rating for service-connected pes planus. In 1965, appellant received a 10% disability rating for service-connected hearing loss. In 1967, appellant was forced to leave his job as a construction worker due to diabetes. He has been unemployed since that time. He applied for service connection for diabetes in 1968. On October 2, 1968, the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) Regional Office (RO) denied his claim.

In 1981, appellant submitted a claim to increase the evaluation for his service-connected disabilities, and to reopen his claim for service connection for diabetes. On April 13, 1982, the VARO continued appellant's 10% disability rating for pes planus, increased his evaluation for hearing loss to 40% disabling, and concluded no "new and material" evidence had been submitted to reopen appellant's claim for service connection for diabetes. In 1988, appellant again claimed an increased evaluation for his service-connected disabilities. In November 1988, the VARO increased appellant's disability rating for hearing loss to 70%. In December 1988, appellant applied for total disability based on individual unemployability. He explained that he was a construction worker by trade, and claimed that he could not find employment in the construction industry with a 70% hearing disability. On January 23, 1989, the VARO denied appellant's claim for individual unemployability. The rating board noted that appellant had considerable hearing loss and pes planus; however, it concluded that appellant had not shown that these disabilities precluded substantial employment.

Appellant filed a Notice of Disagreement (NOD) and initiated an appeal to the BVA. On October 4, 1989, the BVA remanded appellant's claim to the VARO for further factual development. In December 1989, the VARO considered appellant's claim for

an increased rating for pes planus and again considered appellant's claim for individual unemployability. The VARO increased his evaluation for pes planus to 30% disabling, and denied his claim for individual unemployability. Appellant filed another NOD and his appeal was forwarded to the Board.

On June 4, 1990, the BVA denied appellant's claim for total unemployability. It concluded that appellant was significantly impaired from non-service-connected disabilities, but that his service-connected disabilities did not preclude him from substantial employment. In March 1991, appellant moved for the BVA to reconsider its June 1990 decision. The Board granted appellant's motion and on August 12, 1991, the Board again denied his claim for individual unemployability.

## ANALYSIS

 Appellant presently has a combined service-connected disability rating of 80%. In addition to his service-connected disabilities, appellant also suffers from diabetes, otitis media, tinnitus, and unsteadiness. His diabetes has resulted in virtual blindness. In determining whether appellant is entitled to a total disability rating based upon individual unemployability, neither appellant's non-service-connected disabilities nor his advancing age may be considered. *See* 38 C.F.R. § 3.341(a) (1992); *Hersey v. Derwinski,* 2 Vet.App. 91, 94 (1992). The Board's task was to determine whether there are circumstances in this case apart from the non-service-connected conditions and advancing age which would *justify* a total disability rating based on unemployability. In other words, the BVA must determine if there are circumstances, apart from non-service-connected disabilities, that place this veteran in a different position than other veterans with an 80% combined disability rating. *See* 38 C.F.R. § 4.16(a) (1992).

In the present case, the Board reviewed appellant's educational background and employment record, and found nothing that would trigger a total disability rating based on unemployability. This is plausible, as there are no circumstances in the record that place this veteran, rated at 80% disability, in a different category than an other veteran so rated. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). For a veteran to prevail on a claim based on unemployability, it is necessary that the record reflect some factor which takes the claimant's case outside the norm of such veteran. *See* C.F.R. §§ 4.1, 4.15 (1992). The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the veteran is *capable* of performing the physical and mental acts required by employment, not whether the veteran can find employment. *See* 38 C.F.R. § 4.16(a) (1992).

In this case, there simply is no evidence, or even an averment of unusual or exceptional circumstances. The Board's denial of a total disability rating based on individual unemployability is AFFIRMED.