**Joyce C. BLACKBURN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1098.

United States Court of Veterans Appeals.

Decided March 22, 1993.

As Amended April 13, 1993.

Joyce C. Blackburn, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst.

Gen. Counsel, and Rosalind E. Masciola, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Associate Judges.

MANKIN, Associate Judge:

Joyce C. Blackburn, widow of the veteran William M. Blackburn, appeals the June 5, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an increased rating for anxiety reaction, entitlement to a total disability rating based on individual unemployability, and entitlement to service connection for the cause of the veteran's death. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). We affirm in part and remand in part.

## I. BACKGROUND

William Blackburn served on active duty from June 1943 to December 1945 and from December 1948 to September 1949. In June 1963 the veteran was granted service connection for anxiety reaction, evaluated as 50% disabling. The veteran claimed his disability increased in severity, but a September 23, 1974, BVA decision denied an increased rating.

The veteran developed diabetes and hypertension and submitted medical records in an effort to gain service connection for these disorders. The Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) found that the veteran's service medical records failed to show treatment for diabetes or hypertension, and thus it denied service connection for these disabilities. The VARO also denied an increased rating for the veteran's nervous condition.

In July 1981, the veteran applied for non-service-connected pension benefits. The RO denied pension benefits, but awarded a 10% rating for both non-service-connected hypertension and non-service-connected diabetes mellitus. In October 1981, the veteran again applied for non-service-connected pension, and submitted additional medical records. The VARO granted a non-service-connected pension because it found the veteran's non-service-connected disabilities to be permanently and totally disabling. A rating decision of August 26, 1987, awarded a 100% non-service-connected rating for coronary heart disease with chronic renal failure and hypertension.

In September 1988, the veteran submitted statements from two private physicians, Dr. Vaz and Dr. Schonberg, regarding the relationship between the veteran's anxiety disorder and his other medical disorders, and he requested another evaluation of his service-connected disability. The veteran's claim for an increased rating for his nervous disorder was denied by the RO in October 1988 and January 1989.

In January 1989, the veteran initiated a claim for individual unemployability and indicated that he had been too ill to work since 1980. A VA psychiatric examination was performed, and the physician found that the veteran did not have looseness of associations, and did not suffer hallucinations. The psychiatric report indicated the veteran's mood was somewhat dysthymic and anxious. On June 15, 1989, the RO denied entitlement to individual unemployability benefits and an increased rating for nervous condition.

William Blackburn died on December 9, 1989. The death certificate indicated that the cause of death was cardiopulmonary arrest due to chronic heart failure with hypertension and diabetes with cancer of the esophagus. Appellant, the veteran's wife, filed an application for dependency and indemnity compensation (DIC) and continued to pursue her husband's original claim for accrued disability benefits. On April 13, 1990, the RO denied entitlement to service connection for the veteran's death, and denied accrued benefits because the RO did not find an increased evaluation for the nervous disorder nor entitlement to a total rating based on individual unemployability. The BVA affirmed the VARO's decision. *Joyce C. Blackburn*, BVA 91–17689 (June 5, 1991).

## II. DISCUSSION

### A.

■ A veteran's surviving spouse may receive accrued benefits consisting of up to one year of the veteran's due but unpaid benefits. *See* 38 U.S.C.A. § 5121(a) (West 1991); *Hayes v. Derwinski,* 1 Vet.App. 186, 189 (1991). In this case, to receive such benefits the spouse must show that the veteran had been entitled to the benefits as the result of evidence in the veteran's VA claim file at the time of his death. 38 U.S.C.A. § 5121(a). In order to receive the accrued benefits she seeks, appellant must show that the veteran was entitled to an increased rating for his nervous condition and a total rating based on individual unemployability.

As to the veteran's nervous condition, the evidence in the record at the time of his death included the report of a VA psychiatric examination, conducted in May 1989. This report indicates that the veteran was alert and well oriented, and his thought processes were goal-directed. The veteran did not suffer from hallucinations and there was no evidence of delusional thinking. His mood was somewhat dysthymic, and his affect was sad and somewhat anxious. Based on this report and other evidence in the record, the BVA found that the criteria for a higher rating for the veteran's anxiety disorder had not been met. *See* 38 C.F.R. § 4.132, Diagnostic Code 9400 (1992).

■ The BVA also concluded that the evidence did not show that the veteran was entitled to assignment of a total disability rating based on individual unemployability. Entitlement to individual unemployability must be established solely on the basis of impairment arising from service-connected disorders. *See* 38 C.F.R. § 3.341(a) (1992). Under 38 C.F.R. § 4.16(a) (1992), in the case of a veteran with a single service-connected disability, a total disability rating may be assigned where the schedular rating is less than total, if that disability is rated 60% disabling or more. In this case, the veteran's only service-connected disability was an anxiety disorder, rated as 50% disabling. The Board found that appellant did not meet the criteria for individual unemployability pursuant to 38 C.F.R. § 4.16.

■ The Court must affirm factual findings of the BVA unless they are found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski,* 1 Vet.App. 73 (1990); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert,* 1 Vet. App. at 53. As to appellant's claims for a nervous condition and individual unemployability, the Court holds that based on the evidence of record in the veteran's file at the time of his death, there is a plausible basis for the BVA's decision.

### B.

■ In order for the veteran's widow to be awarded DIC benefits it must be shown that the veteran died from a service-connected or compensable disability. *See* 38 U.S.C.A. § 1310 (West 1991). Pursuant to 38 C.F.R. § 3.312(a) (1992), "[t]he death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death."

Appellant contends that the medication Stelazine, a drug which the veteran was prescribed for his anxiety disorder in the 1950's and 1960's, contributed to or caused the veteran's death. The medical treatise submitted by appellant allegedly raises the possibility that long-term use of Stelazine can result in hypertension and cardiac arrest. The record on appeal (ROA) also includes a statement from one of the veteran's physicians, Dr. Allan Schonberg, which stated that the veteran "had problems with anxiety which creates a vicious cycle. His anxiety certainly exacerbates his underlying medical problems and as his medical conditions worsen, this exacerbates his chronic anxiety." The ROA also con-

tains a letter from Dr. Anthony Vaz who stated that it was his "medical opinion that the patient is suffering from chronic anxiety and much of his other problems, including hypertension etc., could be accounted for as anxiety."

■ When a veteran presents a well-grounded claim, the Secretary has a duty to assist the veteran in developing the facts pertinent to his claim. 38 U.S.C.A. § 5107(a) (West 1991); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 80–81 (1990). The veteran did present "a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy,* 1 Vet.App. at 81. Once the veteran has presented such a claim, the burden is shifted to the Secretary to assist the veteran in developing *"all* relevant facts, not just those for or against the claim." *Murphy,* 1 Vet.App. at 82.

■ We hold that the VA failed to assist appellant in gathering sufficient information to make an adequate determination of her claim for service connection for the veteran's death due to the effects of Stelazine. *See* 38 U.S.C.A. § 5107(a). In view of appellant's references to prescription of Stelazine and two physician's statements, the Court concludes that the VA breached its duty to assist appellant in seeking to obtain the veteran's pertinent medical treatment records in order to adequately determine the effects of Stelazine on the veteran's death, if any. The Court remands the matter for prompt compliance with the duty to assist and for prompt adjudication of this claim, consistent with this decision. Upon consideration of appellant's claim, the Board must provide an adequate statement of reasons or bases for its findings and conclusions, including an analysis of the credibility or probative value of the evidence submitted by and on behalf of appellant. *Gilbert,* 1 Vet.App. 49; *see* 38 U.S.C.A. § 7104(d)(1) (West 1991). To any other degree, the Court holds that the record does not show service connection for the cause of the veteran's death.

## III. CONCLUSION

Appellant's claim for entitlement to service-connection for the veteran's death due to the effects of Stelazine is REMANDED for proceedings consistent with this decision. The Court AFFIRMS the June 5, 1991, BVA decision insofar as it denied all remaining claims.