Citation Nr: 1717657 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 09-19 106 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to a total disability evaluation based on individual unemployability due to service connected disability ("TDIU"), prior to March 6, 2012.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

M. Timbers, Associate Counsel

INTRODUCTION

The Veteran served as a member of the United States Navy, with active service from April 1965 through May 1969. 

This appeal comes to the Board of Veterans' Appeals ("Board") from a May 2013 rating decision by the Department of Veterans Affairs ("VA") Regional Office ("RO") in Muskogee, Oklahoma (hereinafter Agency of Original Jurisdiction ("AOJ")). In pertinent part, this May 2013 rating decision awarded the Veteran an increased 100 percent disability rating for his service-connected bilateral interstitial fibrosis. The AOJ assigned an effective date of March 6, 2012, the date on which the VA received the Veteran's claim for a TDIU, wherein he stated he was unemployable due to this respiratory disability. 

The Veteran's appeal has previously been before the Board. In a July 2015 remand, the appeal was returned to the AOJ in order to afford the Veteran a videoconference hearing. Thereafter, in December 2015, the Veteran appeared before the undersigned Veterans Law Judge and provided testimony on his claim for an earlier effective date for his 100 percent disability evaluation. A hearing transcript has been reviewed and associated with the Veteran's claims file.

The Board notes the Veteran was afforded a hearing in August 2010, where he appeared and provided testimony for a separate appeal. This August 2010 video hearing was held before another Veterans Law Judge. However, the Veteran did not provide testimony on the subject matter addressed in this decision. Therefore, the Veterans Law Judge who conducted the August 2010 hearing is not required to participate in this decision. See 38 U.S.C.A. § 7102; 38 C.F.R. § 20.707.

Following this December 2015 hearing, the Veteran's claim was returned to the Board for further appellate consideration. In an April 2016 decision, the Board denied the Veteran's claim for an earlier effective date of his 100 percent disability evaluation for bilateral interstitial fibrosis. Additionally, the Board remanded the Veteran's claim for entitlement to a TDIU, prior to March 6, 2012, back to the AOJ for further development. Specifically, the Board requested the AOJ provide the Veteran with the appropriate forms to describe his work history. Such development was completed in a May 2016 letter to the Veteran. As such, the Board finds that the April 2016 remand directives have been substantially complied with and the matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11. Vet. App. 268 (1998). 

This appeal was processed using Virtual VA and the Veterans Benefits Management System ("VBMS"). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.


FINDINGS OF FACT

1. The Veteran is service connected for bilateral interstitial fibrosis, post-traumatic stress disorder with major depression ("PTSD"), diabetes mellitus, type II with erectile dysfunction, lichen simplex chronicus with tinea pedis, bilateral hearing loss, and tinnitus. 

2. The Veteran met the schedular criteria for a TDIU effective November 21, 2008.

3. Effective March 6, 2012, the Veteran was awarded a 100 percent disability evaluation for his bilateral interstitial fibrosis. The Veteran was additionally awarded entitlement to special monthly compensation for his bilateral interstitial fibrosis and post-traumatic stress disorder, effective March 6, 2012. Therefore, the issue of entitlement to TDIU beginning on and after March 6, 2012, is moot.

4. The Veteran was employed through at least January 2013.

5. There is no evidence the Veteran's service-connected disabilities prevented him from obtaining and maintaining substantially gainful employment prior to March 6, 2012.



CONCLUSION OF LAW

The requirements for TDIU have not been met for the period prior to March 6, 2012. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 4.16, 4.19 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VCAA Duties to Notify and Assist:

With respect to the Veteran's claims, the VA has met all statutory and regulatory provisions to notify and assist. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

In reaching this conclusion, the Board has reviewed the previous remands to ensure compliance with those orders. A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order. Stegall v. West, 11 Vet. App. 268 (1998). However, it is only substantial compliance, rather than strict compliance, with the terms of a remand that is required. See D'Aries v. Peake, 22 Vet. App. 97, 104 (2008).

As discussed above, this claim has previously been remanded by the Board. Initially, in a July 2015 Board remand, the Veteran's claim was remanded in order to provide the Veteran with a videoconference hearing before a Veterans Law Judge. Thereafter, the Veteran appeared and testified at a December 2015 video hearing before the undersigned Veterans Law Judge. A transcript of this hearing has been associated with the Veteran's claims file. 

Thereafter, the Board remanded the Veteran's claim for entitlement to a TDIU in April 2016. Specifically, the Board requested the AOJ provide the Veteran with appropriate forms to report his work history, and asked the Veteran to provide information for the time period identified by the Board (i.e. employment history prior to March 6, 2012). Since that time, the Veteran has not provided such evidence. This failure does not; however, prevent the VA from complying with the Board's order. Rather, the Board ordered the AOJ to ask the Veteran to complete the appropriate form. The AOJ complied with that order in a May 2016 letter to the Veteran, and the record contains no evidence to suggest that this letter did not reach the Veteran. 

Furthermore, the AOJ issued the Veteran and his designated representative a supplemental statement of the case in June 2016. The Veteran's claim was then certified to the Board in October 2016, and the Veteran was notified in a letter dated December 16, 2016. The Veteran's representative submitted a post-remand appellant brief in January 2017. Therefore, the Board finds the AOJ complied with the April 2016 remand order and that the Veteran was made aware of his duties to assist in the development of his case. 

The Board observes that the Veteran has previously completed two employment history forms, in March 2012 and in January 2013. Additionally, the AOJ had previously mailed the Veteran letters containing the VCAA required notice provisions in April 2012, May 2012, and in April 2012. These letters informed the Veteran of the information and evidence not of record that is necessary to substantiate the claim, the information and evidence that the VA will seek to provide, and the information and evidence the Veteran is expected to provide. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). The letters also informed the Veteran how disability ratings and effective dates are established. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

Accordingly, the Board concludes the Veteran was provided the opportunity to meaningfully participate in the adjudication of his claims and did in fact participate. Washington v. Nicolson, 21 Vet. App. 191 (2007). As such, the Board finds that VA has satisfied all duties to notify and assist the Veteran, including all duties to comply with the directive of a prior remand of the Board, and so the Board may proceed to a final decision on this claim.

Lastly, the Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all of the evidence submitted by the Veteran or on his behalf. See Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claims. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

Entitlement to a Total Disability Rating Based on Individual Unemployability, Prior to March 6, 2012:

Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities ("Rating Schedule"), which is based on the average impairment of earning capacity. 38 U.S.C.A. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340(a)(1). Total disability may or may not be permanent. Id. Total ratings are authorized for any impairment or combination of impairments for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2). 

A TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of their service-connected disabilities. 38 C.F.R. § 4.16(a). If there is only one such disability, it must be rated as at least 60-percent disabling, and if there are two or more disabilities, at least one disability must be rated as at least 40-percent disabling and there must be sufficient additional disability to bring the combined rating to at least 70 percent. Id. 

For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. Id.

Entitlement to a total rating must be based solely on the impact of the Veteran's service-connected disabilities on his ability to keep and maintain substantially gainful employment. See 38 C.F.R. §§ 3.340, 3.341, 4.16. While the regulations do not provide a definition of "substantially gainful employment," the VA Adjudication Procedure Manual, M21-1, Part VI, paragraph 7.09(a)(7), defines the term as "that which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the Veteran resides." Also, in Faust v. West, 13 Vet. App. 342 (2000), the Court of Appeals for Veterans Claims ("CAVC") defined "substantially gainful employment" as an occupation "that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that the Veteran actually works and without regard to the Veteran's earned annual income..."

The ability to work sporadically or obtain marginal employment is not substantially gainful employment. 38 C.F.R. § 4.16(a); Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). Marginal employment, i.e., earned annual income that does not exceed the poverty threshold for one person, is not considered substantially gainful employment. 38 C.F.R. § 4.16(a). Marginal employment also may be held to exist on a facts-found basis when earned annual income exceeds the poverty threshold. Id. Such situations may include, but are not limited to, employment in a protected environment such as a family business or sheltered workshop. Id.

Requiring a Veteran to prove that he is 100-percent, i.e., totally unemployable, is different than requiring he prove that he cannot maintain substantially gainful employment. The use of the word "substantially" suggests intent to impart flexibility into a determination of the Veteran's overall employability, whereas a requirement that a Veteran prove 100-percent unemployability leaves no flexibility. Roberson v. Principi, 251 F.3d 1378, 1385 (Fed. Cir. 2001). 

But that said, as already alluded to, to receive a TDIU, the Veteran's service-connected disabilities, alone, must be sufficiently severe to cause unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Furthermore, VA regulations provide that all Veterans who, in light of their individual circumstance, but without regard to age, are unable to secure and follow a substantially gainful occupation as a result of service-connected disability shall be rated totally disabled, without regard to whether an average person would be rendered unemployable under the circumstances. See VAOPGPREC 75-91; 57 Fed. Reg. 2317 (1992). 

Consideration may be given to the Veteran's level of education, special training, and previous work experience in arriving at a conclusion. 38 C.F.R. § 4.16(b). However, individual unemployability must be determined without regard to any nonservice-connected disabilities or the Veteran's advancing age. 38 C.F.R. §§ 3.341(a), 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose, 4 Vet. App. at 363. 

Thus, the Board must evaluate whether there are circumstances in the Veteran's case, apart from any non-service-connected conditions and advancing age, which would justify a TDIU rating. 38 C.F.R. §§ 3.341(a), 4.16(a), 4.19. See Van Hoose v. Brown, 4 Vet. App. 361 (1993); see also Hodges v. Brown, 5 Vet. App. 375 (1993); Blackburn v. Brown, 4 Vet. App. 395 (1993). When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3.

In analyzing the evidence, the Board must determine, as a question of fact, both the weight and credibility of the evidence. Equal weight is not accorded to each piece of evidence contained in a record; every item does not have the same probative value. The Board must account for the evidence which it finds to be persuasive or unpersuasive, analyze the credibility and probative value of all material evidence submitted by and on behalf of a claimant, and provide the reasons for its rejection of any such evidence. See Struck v. Brown, 9 Vet. App. 145, 152 (1996); Caluza v. Brown, 7 Vet. App. 498, 506 (1995); Gabrielson v. Brown, 7 Vet. App. 36, 40 (1994); Abernathy v. Principi, 3 Vet. App. 461, 465 (1992); Simon v. Derwinski, 2 Vet. App. 621, 622 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164, 169 (1991).

That being the relevant law to the Veteran's claim, the Board observes the Veteran met the schedular requirements to entitlement to TDIU beginning on November 21, 2008. During this time, service connection was established for bilateral interstitial fibrosis (herein after referenced as a respiratory condition), rated at 60 percent; PTSD, rated at 50 percent; diabetes mellitus, type II with erectile dysfunction, rated at 20 percent; lichen simplex chronicus with tinea pedis, rated at 30 percent from February 5, 2008, and at 10 percent from May 1, 2012; tinnitus, rated at 10 percent, and bilateral hearing loss, which was noncompensable. 

As stated above, 38 C.F.R. § 4.16(a) requires that when the Veteran satisfies the above discussed percentage requirements, the record must show, in the judgement of the rating agency, that the Veteran is unable to secure and follow substantially gainful employment. The requirement that the Veteran be unable to follow substantially gainful employment indicates that a veteran cannot be actually employed at a substantially gainful occupation at the time he or she receives a TDIU rating. Accordingly, evidence to indicate that the Veteran was not actually employed at such a position is a critical component of the Veteran's duty to substantiate his claim for TDIU during the period of November 21, 2008 to March 6, 2012.

The Board finds, however, that the Veteran has reported maintaining employment during this time period. See e.g. March 2012 and January 2013 Application for Increased Compensation Based on Unemployability. In these applications, the Veteran reported he maintained full time employment through at least 2008. Thereafter, the Veteran reported he continued to be 'self-employed" as a tax preparer, and submitted a W2 statement for the year 2012, which documented his earnings. However, in other statements, the Veteran reported he continued to be self-employed as a tax preparer, and was never unemployed. See e.g. August 2009 VA Examination for PTSD; see also Muskogee VAMC Records. 

Therefore, the Veteran's own statements demonstrate an ability to obtain and maintain employment, in some capacity, through at least January 2013. Furthermore, the Board finds no evidence to suggest the Veteran's employment was marginal during this time, or was significantly curtailed due to his service-connected disabilities. Rather, the Veteran's self-reported work history demonstrates and ability to work on a regular basis, with earnings above the poverty threshold.

As for the periods between his reported employment, the record does not contain any information as to the Veteran's employment or earnings history. To accommodate for this lack of evidence, the Board remanded the Veteran's appeal in April 2016 so that the AOJ could provide the Veteran with the appropriate forms and VCAA compliant notices to establish his claim for a TDIU. The Veteran was mailed these forms in a letter dated April 2016. There is no evidence to support that the Veteran did not receive these notice letters. Rather, the VCAA notice letter was mailed to the same address the Veteran used when he contacted the VA to update his dependency information in March 2016. See March 2016 Report of General Information. 

In addition to the Veteran's reported employment history during this period, the Board finds the medical evidence and medical opinion evidence does not support an award for a TDIU. At no point did any treating provider or VA examiner conclude that the Veteran's service-connected disabilities rendered him wholly unable to work. See e.g. August 2011 VA Respiratory Examination, concluding Veteran's disability does not affect his employment. This evidence suggests that while the Veteran may have experienced some degree of limitation, his overall disability was not so severe as to prevent him from engaging in substantial employment. 

The Board acknowledges that the Veteran has submitted numerous statements from friends and co-workers as evidence he was not employable. For example, the evidentiary record contains an April 2013 statement from S.D. which states, in her opinion, the Veteran is not employable and that S.D. has lived with the Veteran since 2009. Similar statements were submitted from K.McL. and D.R. See April 2013 Statements. 

In this regard, the Board acknowledges that it must fully consider the lay assertions of record. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). See also 38 C.F.R. § 3.159(a)(2). However, in such cases, the Board is within its province to weigh that testimony and to make a credibility determination as to whether that evidence supports a finding of entitlement to a TDIU. To this end, the Board finds that these statements, submitted by the Veteran's friends, do not provide any probative evidence which suggests the Veteran is entitled to an award of a TDIU. Specifically, the Board finds the authors of these statements lack the medical background to determine whether the Veteran is unemployable. See 38 C.F.R. § 3.159 (a)(1). 

Accordingly, the Board finds insufficient evidence upon which to conclude that during the period from November 21, 2008 to March 6, 2012 the Veteran was unable to secure and follow substantially gainful employment, and for that reason the Veteran's claim for TDIU prior to March 6, 2012 must be denied. 

As a final matter, the Board finds the Veteran is not entitled to an award of TDIU beginning on and after March 6, 2012. As discussed above, in a May 2013 rating decision, the Veteran was awarded a 100 percent disability evaluation for his respiratory condition, effective March 6, 2012. While receipt of a 100 percent schedular rating for a service connected disability does not necessarily render moot any pending claim for a TDIU, in the Veteran's appeal it does. See Bradley v. Peake, 22 Vet. App. 280, 293-294 (2008). Specifically, the May 2013 rating decision awarded the Veteran entitlement to special monthly compensation under 38 U.S.C.A. § 1114(s) and 38 C.F.R. § 350(i) for his respiratory condition and post-traumatic stress disorder. Therefore, as any additional award would be a duplicative counting of disabilities, entitlement to a TDIU beginning on and after March 6, 2012 is moot.

In conclusion, the Board finds the Veteran's appeal must be denied, as the totality of the evidence weighs against the Veteran's claim. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not applicable. 38 U.S.C.A. § 5107; 3 8 C.F.R. § 3.102. 


ORDER

Entitlement to a totally disability rating based on individual unemployability prior to March 6, 2012 is denied. 



____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs