﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190422-8159
DATE: March 31, 2020

ORDER

Entitlement to a total rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The Veteran meets the schedular criteria for TDIU from November 20, 2014; his service-connected disabilities preclude him from securing or maintaining gainful employment. 

CONCLUSION OF LAW

The criteria for entitlement to a total disability rating based on individual unemployability (TDIU) have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.3, 4.15, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served as a member of the United States Army, with active duty service from June 1966 to June 1969.

This appeal comes to the Board of Veterans’ Appeals (Board) from a December 2018 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). In its decision, the RO denied entitlement to individual unemployability because the evidence did not show that he was unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities. The Veteran timely appealed.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. In December 2018, the Veteran submitted a RAMP Opt-in Election form, selecting the Direct Review lane for his appeal.

Entitlement to a total rating based on individual unemployability (TDIU)

Disability ratings are determined by applying the criteria set forth in the VA’s Schedule for Rating Disabilities (“Rating Schedule”), which is based on the average impairment of earning capacity. 38 U.S.C. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340(a)(1). Total disability may or may not be permanent. Id. Total ratings are authorized for any impairment or combination of impairments for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2). 

A TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of their service-connected disabilities. 38 C.F.R. § 4.16(a). If there is only one such disability, it must be rated as at least 60-percent disabling, and if there are two or more disabilities, at least one disability must be rated as at least 40-percent disabling and there must be sufficient additional disability to bring the combined rating to at least 70 percent. Id.

For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. Id.

Entitlement to a total rating must be based solely on the impact of the Veteran’s service-connected disabilities on his ability to keep and maintain substantially gainful employment. See 38 C.F.R. §§ 3.340, 3.341, 4.16. While the regulations do not provide a definition of “substantially gainful employment,” the VA Adjudication Procedure Manual, M21-1, Part VI, paragraph 7.09(a)(7), defines the term as “that which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the Veteran resides.” Also, in Faust v. West, 13 Vet. App. 342 (2000), the Court of Appeals for Veterans Claims (“Court/CAVC”) defined “substantially gainful employment” as an occupation “that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that the Veteran actually works and without regard to the Veteran’s earned annual income.”

The ability to work sporadically or obtain marginal employment is not substantially gainful employment. 38 C.F.R. § 4.16(a); Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). Marginal employment, i.e., earned annual income that does not exceed the poverty threshold for one person, is not considered substantially gainful employment. 38 C.F.R. § 4.16(a). Marginal employment also may be held to exist on a facts-found basis when earned annual income exceeds the poverty threshold. Id. Such situations may include, but are not limited to, employment in a protected environment such as a family business or sheltered workshop. Id.

Requiring a Veteran to prove that he is 100-percent, i.e., totally unemployable, is different than requiring he prove that he cannot maintain substantially gainful employment. The use of the word “substantially” suggests intent to impart flexibility into a determination of the Veteran’s overall employability, whereas a requirement that a Veteran prove 100-percent unemployability leaves no flexibility. Roberson v. Principi, 251 F.3d 1378, 1385 (Fed. Cir. 2001).

That said, as already alluded to, to receive a TDIU, the Veteran’s service-connected disabilities, alone, must be sufficiently severe to cause unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Furthermore, VA regulations provide that all Veterans who, in light of their individual circumstance, but without regard to age, are unable to secure and follow a substantially gainful occupation as a result of service-connected disability shall be rated totally disabled, without regard to whether an average person would be rendered unemployable under the circumstances. See VAOPGPREC 75-91; 57 Fed. Reg. 2317 (1992).

Consideration may be given to the Veteran’s level of education, special training, and previous work experience in arriving at a conclusion. 38 C.F.R. § 4.16(b). However, individual unemployability must be determined without regard to any nonservice-connected disabilities or the Veteran’s advancing age. 38 C.F.R. §§ 3.341(a), 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose, 4 Vet. App. at 363.

Thus, the Board must evaluate whether there are circumstances in the Veteran’s case, apart from any non-service-connected conditions and advancing age, which would justify a TDIU rating. 38 C.F.R. §§ 3.341(a), 4.16(a), 4.19. See Van Hoose v. Brown, 4 Vet. App. 361 (1993); see also Hodges v. Brown, 5 Vet. App. 375 (1993); Blackburn v. Brown, 4 Vet. App. 395 (1993). When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran’s favor. 38 C.F.R. § 4.3.

In analyzing the evidence, the Board must determine, as a question of fact, both the weight and credibility of the evidence. Equal weight is not accorded to each piece of evidence contained in a record; every item does not have the same probative value. The Board must account for the evidence which it finds to be persuasive or unpersuasive, analyze the credibility and probative value of all material evidence submitted by and on behalf of a claimant, and provide the reasons for its rejection of any such evidence. See Struck v. Brown, 9 Vet. App. 145, 152 (1996); Caluza v. Brown, 7 Vet. App. 498, 506 (1995); Gabrielson v. Brown, 7 Vet. App. 36, 40 (1994); Abernathy v. Principi, 3 Vet. App. 461, 465 (1992); Simon v. Derwinski, 2 Vet. App. 621, 622 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164, 169 (1991).

That being the relevant law for the Veteran’s application for entitlement to TDIU, the Board finds that the competent and probative evidence does not support an award for a TDIU at any time during the period on appeal. On this note, the Board observes the Veteran submitted an application for entitlement to TDIU in February 2016. See Application for Increased Compensation Based on Unemployability. In this application, the Veteran stated he sought entitlement to TDIU due to symptoms of atherosclerotic cardiovascular disease (claimed as ischemic heart disease) and adenocarcinoma of the prostate status post prostatectomy.

The Veteran is currently service-connected for adenocarcinoma of the prostate status post prostatectomy (100 percent from November 11, 2012; 40 percent from January 2, 2014; and 60 percent from November 8, 2015); atherosclerotic cardiovascular disease (10 percent from November 29, 2012 and 30 percent from November 20, 2014); tinnitus (10 percent from November 29, 2012); hemorrhoids (0 percent from December 29, 1981); erectile dysfunction (0 percent from November 20, 2014) and surgical scar, residuals of prostate surgery (0 percent from November 20, 2014). The Veteran has met the schedular requirements for entitlement to a TDIU from November 20, 2014. Thus, the Board must determine whether the Veteran’s service connected disabilities rendered him unable to obtain and maintain substantially gainful employment.

In the Veteran’s application for increased compensation based on unemployability, the Veteran reported that he became too disabled to work on February 3, 2016. The Veteran reported that he was working eight hours per week as a bartender. See Veteran’s Application for Increased Compensation Based on Unemployability. He reported earnings of $350 per month. The veteran reported that his last full-time employment was as an assistant grocery store manager, ending in November 2015. 

The record contains medical opinions both for and against the claim.

A VA examination for cardiovascular conditions in April 2016 reflects a medical opinion that the Veteran could not do physically demanding work. A VA examination of the genitourinary system in April 2016 found that the Veteran cannot do physically demanding work and would require accommodations due to urinary frequency and stress incontinence. 

During an August 2017 VA examination for prostate cancer, the VA examiner concluded that the Veteran’s prostate cancer did not impact his ability to work.

An April 2016 record from a private urologist noted that the Veteran has urinary incontinence, which requires 5 to 6 pads a day. The physician opined that the urinary condition is chronic and will be lifelong. The Veteran was not considered a candidate for surgical correction, as he had recent cardiac intervention. 

Information from the Veteran’s last employer was received in February 2016. That information reflects that the Veteran worked as a bartender until February 2016. He worked approximately 12 hours a week. 

Based on the evidence of record, the Board finds that the Veteran's service-connected disabilities preclude him from obtaining or maintaining substantially gainful employment. The most probative evidence shows that his heart condition prevents him from engaging in any kind of strenuous physical activity. Further, his urinary incontinence requires accommodations that impact his ability to perform sedentary work. The Board acknowledges that despite addressing the effects of each service-connected disability, the VA examiners did not provide an opinion as to the collective occupational impact posed by the disabilities. However, VA is not required to obtain a single medical opinion regarding the combined impact of all service- connected disabilities for a TDIU claim; in fact, the question of the impact of disabilities on employability is factual rather than medical in nature. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); see also Floore v. Shinseki, 26 Vet. App. 376, 381 (2013) (holding that, in a multiple-disability TDIU determination, the need for a combined-effects medical examination or opinion should be determined on a case-by-case basis, and depends on all evidence of record).

Resolving all doubt in favor of the Veteran, the probative evidence of record demonstrates that he is capable of no more than marginal employment due to his combined service-connected disabilities. Accordingly, the Board finds that entitlement to a TDIU is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert, 1 Vet. App. at 49. 

 

CATHERINE CYKOWSKI

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Bristor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.