﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 181004-480
DATE: April 30, 2020

ORDER

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU) is granted.

FINDING OF FACT

During the course of the appeal, the Veteran’s service-connected posttraumatic stress disorder (PTSD) at least as likely as not has prevented him from securing or following a substantially gainful occupation.

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for entitlement to a TDIU rating have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1967 to August 1972.

The Board notes that the issue on appeal originates from an October 2015 claim for a TDIU rating. The Agency of Original Jurisdiction (AOJ) declined to grant a TDIU rating in a March 2016 rating decision. In April 2016, the Veteran filed another application for a TDIU rating along with evidence of an involuntary psychiatric commitment which constituted new and material evidence warranted reconsideration of the claim. 38 C.F.R. § 3.156(b). The AOJ continued to decline to grant a TDIU rating in September 2016 and August 2018 rating decisions. In October 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Board also notes that an April 2020 rating decision granted the Veteran a rating of 100 percent disabled for lung cancer, effective October 18, 2019.

1. Entitlement to a TDIU rating

Entitlement to a total rating must be based solely on the impact of a veteran’s service-connected disabilities on his ability to keep and maintain substantially gainful employment. See 38 C.F.R. §§ 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is “whether the veteran’s service connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). For VA purposes, the term “unemployability” is synonymous with an inability to secure and follow a substantially gainful occupation. VAOPGPREC 75-91; 57 Fed. Reg. 2317 (1992). 

Individual unemployability must be determined without regard to any nonservice-connected disabilities or a veteran’s advancing age. 38 C.F.R. §§ 3.341(a), 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). For a veteran to prevail on a claim based on unemployability, it is necessary that the record reflect some factor which places him in a different position than other veterans with the same disability rating. The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough to prove unemployability. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose, 4 Vet. App. at 363. 

Thus, the Board must evaluate whether there are circumstances in a veteran’s case, apart from any non-service-connected conditions and advancing age, which would justify a total disability rating based upon individual unemployability. 38 C.F.R. §§ 3.341(a), 4.16(a), 4.19. See Van Hoose v. Brown, 4 Vet. App. 361 (1993); see also Hodges v. Brown, 5 Vet. App. 375 (1993); Blackburn v. Brown, 4 Vet. App. 395 (1993). A veteran’s service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue must be addressed. 38 C.F.R. § 4.16(b). 

When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran’s favor. 38 C.F.R. § 4.3.

Whenever there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the Veteran. 38 U.S.C. § 5107(b).

During the course of the appeal, the Veteran’s service-connected PTSD is rated as 70 percent disabling, and his diabetes mellitus is rated as 10 percent disabling. As of October 18, 2019, he also has service-connected lung cancer rated as 100 percent disabling. Therefore, the Veteran meets the criteria for TDIU consideration under 38 C.F.R. § 4.16(a) for the course of the appeal. Further, the claims file contains evidence that he cannot secure or follow substantially gainful employment due to his service-connected PTSD.

The record reflects that the Veteran did not graduate from high school. See August 2019 Hearing Testimony; January 2016 TDIU Application. After service, he worked a variety of jobs for short periods of time, and he has not been employed since 2011. See April 2016 and June 2013 TDIU Applications. The Board notes that the Veteran has reported various dates of last employment in several TDIU applications. The Board further notes that memory loss, confusion, and problems with concentration are symptoms of his service-connected PTSD and other mental problems. See September 2017 Vocational Evaluation Report; April 2016 VA Fiduciary Medical Opinion. However, during the time period at issue on appeal, the evidence of record reflects that the Veteran has been unemployed.

An August 2016 VA opinion indicates that the Veteran’s PTSD “does not preclude occupational functioning in a sedentary, structured, solitary work environment that accommodates physical limitations.” However, considering the Veteran’s education level and employment experience, it is unclear whether the Veteran would be able to work in a job that met those requirements.

The best evidence of record is the September 2017 vocational evaluation report. During the evaluation, the examiner tested the Veteran over two days with a variety of vocational testing tools. The examiner noted PTSS symptoms that included sleep problems; fatigue; confusion; anxiety; depression; difficulty with social, personal, and professional relationships; and problems concentrating. The examiner concluded that the Veteran demonstrated “profound vocational limitations” and that he was unable to compete for employment as a result of his PTSD symptoms. See also October 2015 VA Medical Letter.

Additionally, a June 2016 VA examiner noted that the Veteran was “disabled and unable to work.” Finally, the Veteran has spent time admitted to VA hospitals for psychiatric care. See, e.g., April 2016 VA Treatment Records. 

Resolving reasonable doubt in the Veteran’s favor, his service-connected PTSD at least as likely as not precludes his ability to perform substantially gainful employment. Resolving reasonable doubt in the Veteran’s favor, entitlement to a TDIU rating since October 19, 2015, is granted. 

 

T. MAINELLI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Howell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.