﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191203-47513
DATE: August 31, 2020

ORDER

Prior to November 14, 2019, a total disability rating based on individual unemployability as a result of service-connected disabilities is denied.

FINDING OF FACT

Prior to November 14, 2019, the Veteran’s service-connected disabilities are not shown to have precluded the Veteran from obtaining or maintaining substantially gainful employment.

CONCLUSION OF LAW

Prior to November 14, 2019, the criteria for a total disability rating based on individual unemployability as a result of service-connected disabilities (TDIU) have not been met. 38 U.S.C. §§ 1155, 5103, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from September 1978 to February 1979.

The record reflects that a rating decision was issued on November 14, 2019, as to the issue listed on the title page of this action. The November 2019 rating decision also denied service connection for hemorrhoids, residuals of a groin injury, loss of bladder control, and loss of bowel control, and denied special monthly compensation based on the need for aid and attendance or being housebound (SMC). The Veteran timely appealed this rating decision to the Board and requested direct review by a Veterans Law Judge on November 22, 2019. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

In July 2020, the Board issued a decision that denied service connection for hemorrhoids, residuals of a groin injury, loss of bladder control, and loss of bowel control, and denied SMC. As such, the issue of TDIU is properly before the Board as it has not yet been adjudicated.

A significant amount of evidence has added to the claims since the November 2019 rating decision. As the Board is deciding the claim of entitlement to a TDIU, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. Specific instructions for filing a Supplemental Claim are included with this decision.

TDIU

Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, the disability shall be ratable at 60 percent or more, and that, if there are two or more service-connected disabilities, at least one must be rated at 40 percent or more and the combined rating must be 70 percent or more. 38 C.F.R. § 4.16(a).

If, however, the veteran does not meet these required percentage standards set forth in 38 C.F.R. § 4.16(a), he still may receive a TDIU on an extraschedular basis if it is determined that he is unable to secure or follow a substantially gainful occupation by reason of his service-connected disabilities. 38 C.F.R. § 4.16(b); See also Fanning v. Brown, 4 Vet. App. 225 (1993). Thus, there must be a determination as to whether there are circumstances in this case, apart from any nonservice-connected conditions and advancing age, which would justify a total rating based on unemployability. See Hodges v. Brown, 5 Vet. App. 375 (1993); Blackburn v. Brown, 4 Vet. App. 395 (1993). 

Being unable to maintain substantially gainful employment is not the same as being 100 percent disabled. “While the term ‘substantially gainful occupation’ may not set a clear numerical standard for determining TDIU, it does indicate an amount less than 100 percent.” Roberson v. Principi, 251 F.3d 1378 (Fed Cir. 2001).

Assignment of a TDIU evaluation requires that the record reflect some factor that “takes the claimant’s case outside the norm” of any other veteran rated at the same level. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993) (citing 38 C.F.R. §§ 4.1, 4.15). The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Id.

The Board is precluded from assigning an extraschedular rating in the first instance. See Bagwell v. Brown, 9 Vet. App. 237, 238-9 (1996); Floyd v. Brown, 9 Vet. App. 88, 96 (1996). Although the Board may not assign an extraschedular rating in the first instance, it must specifically adjudicate whether to refer a case for extraschedular evaluation when the issue either is raised by the claimant or is reasonably raised by the evidence of record. Barringer v. Peake, 22 Vet. App. 242 (2008); see also Shipwash v. Brown, 8 Vet. App. 218, 227 (1995).

On May 1, 2019, the Veteran filed a TDIU claim. Prior to January 29, 2019, the Veteran did not meet the schedular requirement for a TDIU as he did not have a single disability rated at 40 percent or higher and did not have a combined disability rating of 70 percent. As of January 29, 2019, the Veteran met the schedular requirements for a TDIU as he had a combined rating of 80 percent with at least one disability rated at 40 percent disabling, his left hip disabilities combine to a 40 percent rating. See 38 C.F.R. §§ 4.16(a), 4.25, 4.26.

A review of the competent evidence of record, which includes the Veteran’s VA treatment records and his lay statements, when taken in total, does not suggest unemployability as a result of his service-connected disabilities prior to the November 2019 rating decision.

A December 2017 VA examiner reported that the Veteran’s lumbar spine disability would make prolonged standing, walking, and heavy lifting and carrying difficult.

An April 2018 VA examiner reported that the Veteran’s bilateral hip disabilities would prevent the Veteran from bending and lifting. The examiner reported that the Veteran was unable to drive. The examiner reported that the Veteran would be unable to stand while carrying something.

A March 2019 VA examiner reported that the Veteran’s bilateral knee disabilities would prevent the Veteran from bending, lifting, carrying, pushing, and pulling. The examiner reported that the Veteran was unable to stand even 10 minutes and was unsteady without a cane.

An April 2019 VA examiner reported that the Veteran had a number of nonservice-connected disabilities, such as schizophrenia, diabetes, hypothyroidism, hypertension, and a cervical spine disorder. The examiner reported that the Veteran had his left arm ins a sling, sometimes wore wrist splints, wore ankle braces, and wore a cervical collar.

The Veteran has not identified or submitted any competent evidence prior to the November 2019 rating decision demonstrating that his service-connected disabilities precluded him from securing and maintaining substantially gainful employment and entitled him to a TDIU. As such, the claims file does not show that the Veteran was unable to obtain or maintain substantially gainful employment. The Board does not believe that the Veteran’s service-connected disabilities prevented him from obtaining or maintaining substantially gainful employment consistent with the VA examiners’ findings, such as work that involved prolonged standing or walking, did not require bending, lifting, carrying, pushing, pulling, and driving, did not require him to stand while carrying something, and did not require standing for more than 10 minutes at a time.

While the Veteran had significant limitations due to physical and mental conditions, the Board can only consider his service-connected disabilities when determining entitlement to a TDIU.

From the above, it is the Board’s determination that the Veteran was able to obtain or maintain substantially gainful employment prior to the November 2019 rating decision consistent with the above limitations.

The rating schedule was created as a guide to evaluating disability resulting from all types of diseases and injuries encountered, and the percentage ratings that are assigned represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations. 38 C.F.R. § 4.1. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability.

Accordingly, a TDIU prior to November 2019 is denied.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Berryman, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.