Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 210413-152554
DATE: June 30, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is granted.

FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, his service-connected disabilities precludes him from securing and/or following substantially gainful employment. 

CONCLUSION OF LAW

The criteria for entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.400, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C. § 7101(a)(2).

The Veteran served on active duty in the Army from May 1961 to May 1964. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2021 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

In February 2021, the Agency of Original Jurisdiction (AOJ) denied the Veteran's claim for TDIU. The Veteran timely appealed the decision under the modernized review system of the Appeals Modernization Act (AMA), requesting Direct Review of the evidence considered by the RO. The Board notes that under Direct Review, the Board may only consider the evidence of record as of the date of the applicable rating decision (February 2021); therefore, any additional evidence submitted after this time will not be considered in this decision. 

Entitlement to TDIU due to service-connected disabilities.

The Veteran contends that he is unemployable due to his service-connected disabilities.

TDIU rating may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation resulting from a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

In determining whether unemployability exists due to a service-connected disability or disabilities, consideration may be given to the Veteran's level of education, special training, and previous work experience; however, age and impairment caused by nonservice-connected disabilities are not factors for consideration. Unemployability associated with advancing age or intercurrent disability may not be used as a basis for assignment of TDIU. 38 C.F.R. §§ 3.341, 4.16, 4.19. 

Also, it is necessary that the record reflect some factor(s) that places the Veteran in a different category than other veterans with equal ratings of disability. The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. The ultimate question is whether the veteran can perform the physical and mental acts required by employment, not whether the veteran can find employment. See Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

The Veteran's service-connected disabilities include the following: bilateral hearing loss, rated as 50 percent disabling from March 20, 2015; residuals of frostbite to the bilateral foot and toes, rated each as 30 percent disabling from April 13, 2005; frostbite, bilateral feet, rated as 10 percent disabling from May 26, 1964 to April 13, 2005; and tinnitus, rated as 10 percent disabling from March 20, 2015. Based on this, the Veteran has a combined schedular rating of 80 percent; and therefore, meets the schedular requirements for TDIU under 38 C.F.R. § 4.16(a) as of March 20, 2015.

The Veteran filed a claim for TDIU in August 2019, which revealed that the Veteran last worked and became too disabled to work as a welder in February 2002 due to his service-connected frostbite of the bilateral feet and hearing loss. Additionally, the record reveals the Veteran has some college education, with additional education and/or training at Teche Vocational College. Information received from the Veteran shows that he tried to obtain employment after 2002 as a guard and pipe worker, but had to stop due to the requirement of a lot of walking, which caused a lot of pain to the feet. 

In the August 2015 and October 2019 VA examinations to assess the Veteran's hearing loss and tinnitus, the examiners noted that the Veteran's hearing loss impacts his ability to work, as he has difficulty hearing and understanding others and even when utilizing his hearing aids he still has difficulty easily communicating with others. However, the examiners further noted that the Veteran's tinnitus has no impact on his ability to work. See C&P Exams, August 2015 and October 2019.

In the October 2019 VA examinations to assess the Veteran's foot conditions and cold injury residuals, the examiner noted that these conditions impact the Veteran's ability to work, as he has intermittent episodes of intense pain and swelling of the feet that interferes with normal ambulation. See C&P Exams, October 2019. 

In the January 2020 VA medical opinion to assess the functional limitations due to the Veteran's service-connected hearing loss, the examiner opined that the Veteran's bilateral hearing loss may cause difficulty understanding speech, particularly on the phone or in the presence of background noise, but it has no significant limitations related to occupational and employment activities. See C&P Exam, January 2020.

In the January 2020 VA medical opinion to assess the functional limitations due to the Veteran's service-connected frostbite of the bilateral feet, the examiner noted that medical records reflect this condition is largely symptom based, with the Veteran describing it as if he is walking on rumpled socks with a discomfort aching feeling, with the feet eventually becoming numb and hurting when exposed to cold. The examiner opined that the Veteran's frostbite of the bilateral feet should not have an effect on sedentary activities or activities that require periodic walking, such as office based work; however, activities that require constantly being on the feet would be limiting, and the same applies to activities that require him being in a cold environment. See C&P Exam, January 2020.

In October 2020, the Veteran submitted a lay statement as additional argument in support of his claim. He noted that his frostbite disabilities make it very difficult for him to work in a physically demanding job. He further stated that his severe hearing loss makes it very difficult for him to work in a sedentary work environment, as he cannot understand people on the phone or face to face. He added that he also has no experience or training in any kind of sedentary work, so it would be impossible for him to secure that type of job, as he has always worked as a welder, which he reiterates is too demanding on him physically and involves too much background noise for him to understanding anything said to him. See Lay statement, October 2020.

Based on the above, to include consideration of the Veteran's work history, education, medical assessments, and lay statements, the Board finds that the probative evidence of record is in favor of the Veteran, or at the very least, in relative equipoise, of him being unable to secure and/or maintain any substantially gainful occupation due to his service-connected disabilities. Therefore, resolving all reasonable doubt in favor of the Veteran, the Board concludes that entitlement to TDIU is warranted; and the claim is granted.

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. Hodges, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.