﻿Citation Nr: AXXXXXXXX
Decision Date: 12/30/19 Archive Date: 12/30/19

DOCKET NO. 191120-44140
DATE: December 30, 2019

ORDER

A disability rating higher than 70 percent for posttraumatic disorder (PTSD) is denied.

A total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. Since March 20, 2019, the Veteran’s psychiatric disorder is manifested by occupational and social impairment with deficiencies in most areas but not total occupational and social impairment.

2. The preponderance of evidence is against the claim that the Veteran’s service-connected PTSD renders him incapable of securing or following a substantially gainful occupation.

CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 70 percent for PTSD have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.304, 4.1-4.14, 4.126, 4.130, Diagnostic Code 9411.

2. The criteria for a TDIU have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.3, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from November 1966 until August 1968, to include honorable service in Vietnam from August 1967 to August 1968. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 6, 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On November 21, 2019, the Veteran filed a Notice of Disagreement and elected direct review by a Veterans Law Judge. Therefore, the Board has considered the evidence of record up until May 6, 2019, the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Moreover, on December 20, 2019, the Veteran and his representative asserted that the Veteran was entitled to an increased rating in excess of 30 percent for PTSD prior to March 20, 2019. Notably, regarding the same issue, on July 25, 2016, the Veteran filed a Notice of Disagreement to a July 2015 rating decision under the legacy system. A legacy appeal is initiated by the filing of a Notice of Disagreement and is perfected to the Board with the filing of a Substantive Appeal. 38 C.F.R. § 19.2(c). The AOJ, however, did not provide a Statement of the Case. See 38 C.F.R. § 19.24(b)(5) (VA will prepare a Statement of the Case if a completed notice of disagreement form is received within the timeframe). Since the issue was not perfected to the Board with the filing of a Substantive Appeal, the Board cannot adjudicate the issue under the legacy system without further development. Similarly, the Board cannot adjudicate the issue under the AMA system, as the Board does not have jurisdiction of the issue under the modernized system. The Veteran, therefore, should notify the AOJ that the claim is still pending or the AOJ should issue a Statement of the Case to the Veteran for the pending claim.

1. A disability rating higher than 70 percent for PTSD from March 20, 2019 until May 6, 2019 is denied.

The Veteran asserts that he should receive a higher disability rating for his PTSD. See November 2019 Notice of Disagreement.

The AOJ found that the Veteran’s overall evidentiary record showed that the severity of his disability most closely approximated the criteria for a 70 percent disability evaluation.

Disability ratings are determined by the application of the VA’s Schedule for Rating Disabilities. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § Part 4. Ratings for service-connected disabilities are determined by comparing the Veteran’s symptoms with criteria listed in VA’s Schedule for Rating Disabilities, which is based, as far as practically can be determined, on average impairment in earning capacity. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran’s PTSD has been evaluated under 38 C.F.R. § 4.130, Diagnostic Code 9434. Under the General Rating Formula For Mental Disorders, a 70 percent evaluation is warranted where there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships. Id.

A 100 percent evaluation is assignable where there is total occupational and social impairment, due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); and disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

Consideration is given to the frequency, severity, and duration of psychiatric symptoms, the length of remission, and the Veteran’s capacity for adjustment during periods of remission. The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment, rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. See 38 C.F.R. § 4.126 (a). Furthermore, when evaluating the level of disability arising from a mental disorder, the rating agency will consider the extent of social impairment but shall not assign an evaluation solely on the basis of social impairment. 38 C.F.R. § 4.126 (b). 

Service connection has been in effect for PTSD since January 2012. In March 2019, the Veteran filed an application for an increased rating. On May 6, 2019, the RO issued a decision that increased the Veteran’s disability at 70 percent. In the Veteran’s November 2019 Notice of Disagreement, he appealed the 70 percent disability rating for his service-connected PTSD. 

Taking all factors into consideration with application of the approximating principles of 38 C.F.R. § 4.7, and the benefit-of-the-doubt doctrine, the Board finds that the Veteran’s PTSD most nearly approximates occupational and social impairment, with deficiencies in most areas, consistent with the currently assigned 70 percent rating. For example, the Veteran’s April 2019 VA examination reflected that his symptoms include depressed mood, suspiciousness, chronic sleep impairment, flattened affect, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty in adapting to stressful circumstances, including work or a worklike setting, inability to establish and maintain effective relationships and suicidal ideation. Collectively, these symptoms are of the type, extent, severity and/or frequency to result in occupational and social impairment in most areas of the Veteran’s life, thus indicating a disability picture with deficiencies in most areas such as work, family relations, judgment, thinking and mood. 

On the other hand, the overall disability picture demonstrated by the evidence is not consistent with the frequency, severity and duration of symptoms that is required for the maximum, 100 percent, disability rating. That level contemplates total occupational and social impairment due to symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name; or other symptoms on par with the level of severity contemplated by those symptoms.

In this regard, there is no documentation (either in lay or medical evidence) of symptoms such as gross impairment in thought processes or communication; in fact, the Veteran was able to actively communicate with the VA examiner regarding his PTSD at his April 2019 VA examination. Moreover, his mental status examination reflected that he did not have delusions, hallucination, suicidal thoughts, ideation, plans or intent. No impairment of thought process or communication was observed. The Veteran was also observed to be alert and neatly but casually dressed. As such, his symptoms were not manifested by persistent delusions or persistent hallucinations. 

Moreover, grossly inappropriate behavior, persistent danger of hurting self or others, disorientation to time or place, or memory loss of names of close relatives, own occupation, or own name. In this regard, while it was assessed that the Veteran had some memory loss, he was able to provide his family history and his own name to the VA examiners. Moreover, he was able to provide his work history – that he worked with as an analyst for 36 years and retired in 2006. He also reported that he had a good work history.

Furthermore, the VA examiner assessed that the Veteran exhibited occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation. In fact, the Veteran was able to maintain personal hygiene and basic activities of daily living; was oriented to person, place and time; had no memory loss or impairment; had no presence of obsessive or ritualistic behavior; observed to have normal rate and flow of speech; and did not experience panic attacks. The Veteran was observed to be capable of managing his own affairs.

Moreover, total social impairment has not been shown. While the Veteran reported that he remained socially isolated, was not close to his children, was lonely, and did not engage in pleasurable activities, the Veteran also reported that he leaned on the other veterans at the veteran’s center for social activities. In fact, in an April 2019 VA treatment record, the Veteran reported stable mood with no suicidal ideation or homicidal ideation and reported that he received great support and help from the Veteran’s Center. Therefore, based on the PSTD symptoms in frequency and severity evidenced by the record, the Board finds that the Veteran demonstrates a disability picture closer to a 70 percent rating for PTSD. 

A disability rating of 70 percent demonstrates that VA has taken into consideration of the Veteran’s statements, in that the Veteran’s psychiatric symptoms are serious impairments and that his symptoms manifest serious deficiencies in most areas such as work, family relations, judgment, thinking and mood. Based on the record, the Board finds that the Veteran’s disability picture did not reflect a total impairment in many of those areas to warrant a 100 percent disability rating. 

Therefore, the Board finds that the frequency and severity level of this symptom is closer to the deficient level of social and occupational impairment (70 percent) and does not rise to the level of total social and occupational impairment contemplated by the rating criteria.

Based on the foregoing, the Board finds that the preponderance of the evidence reflects a finding that the severity and frequency of the Veteran’s symptoms is contemplated by a 70 percent disability rating, and not the maximum disability rating. 38 C.F.R. §§ 4.7, 4.21.

2. A TDIU from March 20, 2019 until May 6, 2019 is denied.

On December 20, 2019, the Veteran and his representative asserted that he is unable to work due to his PTSD. As such, the Board acknowledges that a TDIU claim has been inferred as a part of the Veteran’s appeal of a higher rating for his service-connected PTSD. See Rice v. Shinseki, 22 Vet. at 447, 454. A Rice TDIU claim is limited to whether the Veteran is unemployable due to the underlying service-connected disability on appeal, which in this case is PTSD. See id., at 454-455 (holding that when a request for TDIU is raised during the administrative appeal of the initial rating assigned for the underlying disability, it is not a separate claim for benefits, but rather is part of the adjudication of the claim for increased compensation for that underlying disability).

Where the schedular rating is less than total, a total disability rating for compensation purposes may be assigned when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a). 

Consideration may be given to a Veteran’s level of education, special training, and previous work experience in arriving at whether a TDIU rating is warranted, but the Veteran’s age or the impairment caused by non-service connected disabilities may not be considered in such a determination. 38 C.F.R. §§ 3.341, 4.16, 4.19 (2017).

If a sufficient rating is present, then it must be at least as likely as not that the Veteran is unable to secure or follow a substantially gainful occupation as a result of that disease. See 38 C.F.R. § 4.16 (a). The central inquiry is, “whether the veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). The issue is not whether the Veteran can find employment generally, but whether the Veteran is capable of performing the physical and mental acts required by employment. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). 

Here, the Veteran’s PTSD has been rated as 70 percent disabling for the entire appeal period. Thus, the Veteran’s 70 percent disability rating for PTSD meets the criteria for a schedular TDIU rating under 38 C.F.R. § 4.16 (a) for the entire appeal period.

The evidence of record reflects that the Veteran worked with as a program analyst for over 25 years (specifically, 27 or 36 years depending on the VA examination) and retired in 2006. He reported that he had a good work history. See April 2014 and April 2019 VA examinations. 

While the Veteran asserts that his PTSD prevents him from securing or following a substantially gainful occupation, the record reflects that he retired in 2006 and that he had a good history of working as a program analyst. Moreover, after observing and listening to the Veteran, the VA examiner did not find that the Veteran exhibited total occupational impairment but found him to exhibit occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation. 

Additionally, there is no persuasive evidence that the Veteran’s service-connected PTSD prevented him from working with or under the supervision of others, from interacting with the public, or from performing any known tasks required by employment. Moreover, the Veteran has not provided any information on how his PTSD would affect his ability to work. 

The Board does not doubt that the Veteran’s service-connected PTSD causes occupational impairment. However, that impairment is compensated by the current schedular rating for PTSD; he is receiving a 70 percent disability rating for his service-connected disorder.

In sum, the Board finds that the greater weight of the probative evidence is against the finding that the Veteran is unable to secure and follow a substantially gainful occupation as a result of his service-connected disability. Accordingly, the Board finds that the Veteran is not unemployable due to his service-connected PTSD, and hence, TDIU entitlement is not warranted. 

However, if the Veteran has additional evidence regarding how his PTSD affects his employability, he may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Lee, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.