﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 191031-41184
DATE: December 31, 2019

ORDER

For the period prior to November 3, 2018, entitlement to a total disability rating based on an individual unemployability (TDIU) is granted.

For the period beginning November 3, 2018, entitlement to a TDIU is moot, and thus, dismissed.

FINDINGS OF FACT

1. For the period prior to November 3, 2018, entitlement to a total disability rating based on an individual unemployability (TDIU), the Veteran does not have the requisite work experience to secure and/or maintain substantially gainful occupation, as a result of his service-connected coronary artery disease (CAD).

2. Effective November 3, 2018, the Veteran has been service-connected for Dementia, Alzheimer type, at a 100 percent disability rating, and additionally, granted special monthly compensation based on housebound status, which renders the claim for a TDIU moot.

CONCLUSIONS OF LAW

1. For the period prior to November 3, 2018, the criteria for entitlement to a total disability rating based on an individual unemployability (TDIU) have been met. 38 U.S.C. § 1114 (West 2012); 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.25, 4.26 (2018).

2. Effective November 3, 2018, the claim for a TDIU is moot. 38 U.S.C. § 1114; 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.25, 4.26.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1952 to July 1975.

The rating decision on appeal was issued in October 2019. 

The Veteran selected the Higher-Level Review lane when he timely appealed these rating decisions in an October 2019 notice of disagreement (NOD) and requested “direct review” of the evidence considered by the Agency of Original Jurisdiction (AOJ). By selecting “direct review” of the evidence, the Board of Veterans’ Appeal (Board) must base its decision on the evidence that was before the AOJ at the time of the October 2019 rating decision. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300).

The Board notes that in the October 2019 NOD, the Veteran asserted that he disagrees with the effective date of TDIU, which should be established as January 26, 2018. However, a claim for TDIU had not been granted at the time the Veteran filed his NOD. Nonetheless, the Board shall liberally construe the Veteran’s NOD as a disagreement to the denial of his claim for TDIU, since his NOD specifically indicates that he disagrees with the October 2019 rating decision, which denied his TDIU claim.

TDIU

It is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16 (2018). A finding of total disability is appropriate when there is any present impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340(a)(1), 4.15 (2018). 

TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.34l, 4.16(a) (2018). 

In exceptional circumstances, where the Veteran does not meet the percentage requirements, a total rating may nonetheless be assigned upon a showing that the individual is unable to obtain or retain substantially gainful employment due to service-connected disability. 38 C.F.R. § 4.16(b).

1. Period Prior to November 3, 2018

For the period prior to November 3, 2018, the Veteran has been service-connected for coronary artery disease (CAD), at a 60 percent disability rating, effective January 26, 2018; peripheral vascular disease, left lower extremity, associated with CAD, at a 20 percent disability rating, effective January 26, 2018; peripheral vascular disease, right lower extremity, associated with CAD, at a 20 percent disability rating, effective January 26, 2018; bilateral hearing loss, at a 10 percent disability rating, effective January 26, 2018; hypertension, associated with CAD, at a 10 percent disability rating, effective January 26, 2018; residual scar associated with CAD, status post coronary artery bypass graft, at a non-compensable rating, effective October 6, 2013; and surgical scar associated with CAD, status post coronary artery bypass graft, at a noncompensable rating, effective May 7, 2018. The combined disability rating, inclusive of the bilateral factor, is 80 percent. 38 C.F.R. §§ 4.25, 4.26 (2018).

Although the Veteran has met the minimum percentage requirement, under 38 C.F.R. § 4.16(a), for TDIU consideration, the central inquiry is whether the Veteran’s service-connected disabilities alone are of enough severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). The sole fact that a veteran is unemployed or has difficulty obtaining employment is not sufficient. As a matter of fact, a high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment. However, the ultimate question is whether a veteran is capable of performing the physical and mental acts required by employment, and not whether he or she can find employment. Hoose v. Brown, 4 Vet. App. 361 (1993).

Recently, the United State Court of Appeals for Veterans Claims (CAVC) held that “[i]n determining whether a veteran can secure and follow a substantially gainful occupation, attention must be given to”: (1) The veteran's history, education, skill, and training; (2) Whether the veteran has the physical ability (both exertional and non-exertional) to perform the type of activities (e.g., sedentary, light, medium, heavy, or very heavy) required by the occupation at issue, in which factors that may be relevant include, but are not limited to, the veteran’s limitations, if any, concerning lifting, bending, sitting, standing, walking, climbing, grasping, typing, and reaching, as well as auditory and visual limitations; and (3) Whether the veteran has the mental ability to perform the activities required by the occupation at issue, in which factors that may be relevant include, but are not limited to, the veteran's limitations, if any, concerning memory, concentration, ability to adapt to change, handle work place stress, get along with coworkers, and demonstrate reliability and productivity. Ray v. Wilkie, 17-0781 (March 2019). However, consideration cannot be given to the Veteran’s age or to the impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19 (2018); Van Hoose v. Brown, 4 Vet. App. 361 (1993). Additionally, “By discussing [the] potentially relevant factors, we don’t create a checklist that must be run completely through in every case. Instead, discussion of any factor is only necessary if the evidence raises it.” Ray v. Wilkie, 17-0781 (March 2019).

The Veteran asserts that his service-connected CAD prevents him from securing and/or following any substantial gainful occupation. See May 2018 TDIU Application. In his TDIU application, the Veteran did not document or provide pertinent information about his work history, including his place of former employment and the dates and/or time span he worked for his former employers. However, he disclosed that his disability affected his full-time employment, the last time he worked full-time, and the date he became too disabled to work was in March 1999. Pertinently, in his TDIU application, the Veteran clarified that the responses that were left blank in his TDIU application were a result of his dementia, which at the time, he had just filed a claim for service connection, based on the aggravation of his CAD.

Medical treatment records confirm that he impairment of his memory has been steadily progressive since 2013. See April 2018 Psychiatry Note. Thus, notwithstanding the deficiencies and/or lack of information provided in his TDIU application, the Board is nonetheless able to discern the Veteran’s unemployability, based on other available, probative evidence from his claims file, which provides sufficient, pertinent details about the Veteran’s impairments and ability ot work.

An April 2018 psychiatric consult note indicates that the highest level of education the Veteran completed was 10th grade, and that he earned his GED while he was in the military. Further, the consult note also indicates that the Veteran drove a truck for twenty years after retiring from the Army. See also February 2016 Disability Benefits Questionnaire for Bilateral Hearing Loss and Tinnitus.

In a March 2018 VA examination for heart conditions, a VA examiner noted that the Veteran’s heart condition, and specifically, CAD, affects his ability to work. The VA examiner explained that the impact of his heart condition on his ability to work is fatigue and exhaustion from exertion. As a matter of fact, in an interview- based metabolic equivalent (METs) test, the VA examiner noted that the METs level , which reflected the lowest activity level at which the Veteran reported feeling symptoms, including dyspnea and fatigue, is found to be consistent with activities, such as, for example, light yard work (weeding), mowing lawn (with a power mower), and brisk walking (at approximately 4 miles per hour).

A subsequent, July 2018 VA examination report also noted that in an interview- based METs test, a VA examiner also noted that the Veteran’s METs level, which reflected the lowest activity level at which the Veteran reported feeling symptoms, including dyspnea and fatigue, is found to be consistent with activities, such as, for example, light yard work (weeding), mowing lawn (with a power mower), and brisk walking (at approximately 4 miles per hour). Nonetheless, although the VA examiner noted that the Veteran’s CAD, affects his ability to work, and explained that his heart condition prevents the Veteran from being able to perform tasks requiring moderate physical exertion, such as lifting, pushing or pulling, she determined that his heart condition does not preclude him from engaging in more sedentary desk-type work.

However, after an overall review of all probative evidence, the Board finds that the evidence is in at least relative equipoise, and by resolving all reasonable doubt in favor of the Veteran, he is unable to secure and/or maintain substantially gainful employment as a result of his service-connected CAD. Even though a VA examiner determined the Veteran was not precluded form engaging in more sedentary desk-type work, this would not be a feasible, reasonable, practical alternative means of employment for the Veteran to pursue or undertake, as he does not possess the work history, education, skill, and training to engage in sedentary employment. As noted above, the Veteran’s educational background is limited to the 10th grade. In approximately 1994 or early 1995, the Veteran underwent coronary bypass surgery, and in 1999, he retired from his position as a truck driver after approximately twenty years. See March 2019 Private Medical Opinion from Dr. C.E. The extent of the Veteran’s capabilities is limited to light work that does not require the use of force or exertion. He has a lack of office work experience and has not worked in any capacity in twenty years. Therefore, based on the overall probative evidence, entitlement to a TDIU is warranted, and thus, granted for the period prior to November 3, 2018. 

2. Period beginning November 3, 2018

For the period prior to November 3, 2018, the Veteran has been service-connected for dementia, at a 100 percent disability rating, effective November 3, 2018; coronary artery disease (CAD), at a 60 percent disability rating, effective January 26, 2018; peripheral vascular disease, left lower extremity, associated with CAD, at a 20 percent disability rating, effective January 26, 2018; peripheral vascular disease, right lower extremity, associated with CAD, at a 20 percent disability rating, effective January 26, 2018; bilateral hearing loss, at a 10 percent disability rating, effective January 26, 2018; hypertension, associated with CAD, at a 10 percent disability rating, effective January 26, 2018; residual scar associated with CAD, status post coronary artery bypass graft, at a non-compensable rating, effective October 6, 2013; and surgical scar associated with CAD, status post coronary artery bypass graft, at a noncompensable rating, effective May 7, 2018. The combined disability rating, inclusive of the bilateral factor, is 100 percent. 38 C.F.R. §§ 4.25, 4.26.

(Continued on the next page)

 

As noted above, a TDIU is provided where the combined schedular rating for service-connected disabilities is less than total (less than 100 percent). 38 C.F.R. § 4.16(a). Thus, a TDIU is considered a lesser benefit than the 100 percent rating, and the grant of a 100 percent rating generally renders moot the issue of entitlement to a TDIU or the period when the 100 percent rating is in effect. An exception to this is a separate award at the housebound rate or a TDIU predicated on a single disability (perhaps not ratable at the schedular 100-percent level) when considered together with another disability separately rated at 60 percent or more may warrant payment of special monthly compensation (SMC) under 38 U.S.C. § 1114(s) (West 2012). Bradley v. Peake, 22 Vet. App. 280 (2008).

However, the exception for granting a TDIU claim, under circumstances where the combined disability rating is 100 percent, is not applicable to this claim. This is because the RO, in an October 2019 rating decision, granted an effective date of November 3, 2018 for a 100 percent disability rating for the Veteran’s service-connected dementia, as well as for his compensation of benefits for SMC, based on housebound status. Thus, the Veteran has been granted full, total benefits for his disabilities. The claim for a TDIU is moot for the period beginning May 3, 2018.

 

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Vanessa-Nola Pratt

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.