﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191030-41222
DATE: July 31, 2020

ORDER

Entitlement to a finding of total disability based on individual unemployability due to service-connected disabilities (TDIU) is granted. 

FINDING OF FACT

The Veteran’s service-connected disabilities prevent him from securing or maintaining substantially gainful employment.

CONCLUSION OF LAW

The criteria for entitlement to TDIU are met. 38 U.S.C. §§ 1155, 5107 (2018); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19 (2019). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty with the United States Marine Corps from July 2008 to October 2015. This matter comes before the Board of Veterans’ Appeals (Board) from a September 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). In October 2019, the Veteran filed a VA Form 10182, or Notice of Disagreement (NOD), specifying Direct Review. 

In November 2019, the Veteran was notified that his appeal had been placed on the Direct Review docket at the Board. In December 2019, the Veteran filed a request for higher level review of the denial. The RO explicitly rejected this request the same month. In April 2020, the Veteran filed a supplemental claim asking entitlement to TDIU benefits be reviewed. However, the Veteran did not request to withdraw his appeal for a Direct Review by a Veterans Law Judge. See 38 U.S.C. §§ 3.2500, 20.205. Consequently, the RO took no action on this request. Accordingly, the Board has jurisdiction to decide this appeal on Direct Review. 

Under Direct Review, the Board may only consider the evidence of record at the time of the September 2019 decision on appeal. 38 C.F.R. § 20.301. The claims file contains evidence submitted after September 2019 pertaining to this appeal, but this evidence cannot be considered because it was submitted outside of the appeal window, which closed on September 23, 2019. Review of such may be secured with the filing of a new supplemental appeal.

A February 2016 rating decision granted entitlement to TDIU, effective October 21, 2015, the day following separation from service. At that time, service connection had been granted for a low back disability, irritable bowel syndrome, left and right shoulder disabilities, hemorrhoids, left and right leg radiculopathies, right and left ankle disabilities, and a cardiac arrhythmia. His combined rating was 90 percent, with the back rated 40 percent disabling. In a May 2017 decision, the RO proposed discontinuance of the TDIU benefit, as the Veteran had not replied to a request for income verification. Such was implemented in an April 2018 decision, effective May 1, 2018. The Veteran did not appeal the discontinuance or at any time supply evidence of income. Instead, he filed a new July 2019 claim for entitlement to TDIU.

For the period on appeal arising from that claim, the Veteran continued to have a combined 90 percent rating, with a 40 percent rating his back. The disabilities consisted of the aforementioned low back disability, irritable bowel syndrome, left and right shoulder disabilities, hemorrhoids, left and right leg radiculopathies, right and left ankle disabilities, and a cardiac arrhythmia. Additionally, the Veteran was service-connected for asthma, headaches, and esophoria (a condition of turned-in eyes).

It is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. See 38 C.F.R. § 4.16. A finding of total disability is appropriate “when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation.” See 38 C.F.R. §§ 3.340 (a)(1), 4.15.

TDIU may be assigned where the schedular rating is less than total and it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of either (1) a single service-connected disability ratable at 60 percent or more, or (2) two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

The central inquiry is, “whether the Veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). The issue is not whether the Veteran can find employment generally, but whether the Veteran can perform the physical and mental acts required by employment. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). Marginal employment is not considered substantially gainful employment. 38 C.F.R. § 4.16 (a). Substantially gainful employment essentially means that the work provides income above the poverty level established by the United States Department of Commerce, without benefit of protected family employment or a sheltered workshop. 38 C.F.R. § 4.16(a). Consideration may be given to the Veteran’s education, special training, and previous work experience, but not to his age or to the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

The RO has previously found that the Veteran’s service-connected disabilities rendered him unable to secure and follow substantially gainful employment as they existed in 2015. The Veteran has continued to report that he has not held any gainful employment since that time; he asserts he last worked on his last day in the Marine Corps. Since that time, and as part of the current appeal period, additional disabilities have been service-connected. In other words, VA has established that the Veteran has become more disabled since last determining he was factually unemployable. While at one time the RO considered a reduction in evaluation for the low back, such was never implemented. 

Importantly, in discontinuing the prior TDIU entitlement, the RO never found the Veteran employable, but simply implemented a regulatory requirement based on the failure of the Veteran to supply updated income information. 

On his September 2019 application for TDIU, the Veteran supplied his income information, stating he had made $25,183.44 in the prior 12 months. The RO relied on this to find that the Veteran had been actually employed over the past year, in clear contradiction of his statement that he had not worked since October 2015. However, it is clear from the claims file and summary of the Veteran’s benefits that this amount is not, in fact, earned income. It is actually the sum total of the Veteran’s VA disability benefit paid over the prior 12 months at the 90 percent rate with two dependents ($2,098.62 x 12 months=$25,183.44).

The Veteran asserts, without contradiction, that he has had no earned income since separation from the military. VA previously determined that as a matter of fact his service-connected disabilities rendered him unable to secure and follow substantially gainful employment, even before consideration of the impact of yet more conditions on his occupational functioning. It would be inconsistent and indefensible to now, on the same basis and in the absence of any showing of error, deny the claim. Entitlement to TDIU is warranted.

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Megan-Brady Viccellio

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.