﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200421-78878
DATE: August 31, 2020

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied. 

FINDING OF FACT

The preponderance of the evidence weighs against finding that the Veteran is unable to obtain and maintain substantially gainful employment due to his service-connected disabilities.

CONCLUSION OF LAW

The criteria for entitlement to a TDIU have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran honorably served from August 1960 to November 1963. 

This matter is before the Board of Veterans Appeals (Board) on appeal from a January 2020 rating decision. The Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). He chose direct review by a Veterans Law Judge (VLJ) in his April 2020 Notice of Disagreement (NOD). 

Entitlement to a TDIU 

Legal Criteria 

Total disability ratings for compensation based upon individual unemployability may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. For the purpose of one 60 percent disability, or one 40 percent disability in combination, disabilities resulting from a common etiology or a single accident will be considered as one disability; and disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, will be considered as one disability. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). In determining whether the Veteran is entitled to TDIU, neither his non-service-connected disabilities nor his age may be considered. Van Hoose v. Brown, 4 Vet. App. 361 (1993); 38 C.F.R. § 3.341 (a) (2019).

However, where the percentage requirements set forth above are not met, entitlement to the benefit on an extraschedular basis may be considered when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, and consideration is given to the Veteran’s background including his employment and educational history. Therefore, Rating Boards should submit to the Director, Compensation Service, for extra-schedular consideration all cases of Veterans, who are unemployable due to service-connected disability, but who fail to meet the percentage standards set forth in paragraph (a) of this section. 38 C.F.R. § 4.16 (b).

Factual Background & Analysis 

Here, the Veteran has met the schedular criteria for a TDIU as of July 31, 2019, by virtue of the assignment of a 70 percent disability rating for a service-connected cerebral concussion (residuals of a traumatic brain injury (TBI)). The Veteran is also in receipt of a 50 percent rating for scars as residuals of a head injury, a 40 percent rating for temporomandibular joint dysfunction (TMJ) and a 10 percent rating for tinnitus. A noncompensable disability rating has also been assigned for scars of the right index and ring fingers, a maxilla fracture, vertigo and tension headaches. 

A September 2009 VA TBI examination recounts the medical history of an in-service TBI related to a motor vehicle accident. The examiner referenced a September 1963 treatment record in which the Veteran’s residuals of a TBI were noted to be fatigue and numbness in the left side of the face by “no significant neurological sequelae from his injuries was suggested…” In an October 1963 separation examination, the Veteran reported residual difficulties with headaches, pain in the left elbow and cramping abdominal pain with diarrhea. In March 1964 the Veteran underwent a psychiatric examination which documents complaints of intermittent headaches. He was found to have good judgment and normal memory. No diagnoses were rendered. The examiner, after review of the Veteran’s medical history, noted that he had not reported symptoms related to his in-service concussion such as cognitive difficulties, headaches, dizziness or other symptoms.

On examination, the Veteran reported no significant headaches, no dizziness or vertigo, no weakness or paralysis and some sleep difficulties. The Veteran reported some fatigue, malaise and balance problems, such as difficulty walking in a straight line. He denied memory impairment and other cognitive problems affecting his attention, concentration, mental capacity or judgment. The Veteran reported no problems with anxiety, depression or other psychiatric issues. He denied personality changes from the TBI and reported no issues with losing jobs or with interpersonal relationships. The Veteran specifically reported no history of occupational impairment as a result of his concussion in addition to no interference with the activities of daily living (ADLs). The examiner specifically noted that the Veteran has no TBI-related impediments to employment and that he is able to tolerate the stress, interpersonal interactions and schedule requirements inherent in an employment situation. 

A July 2014 VA TBI examination documents normal memory, attention, concentration, executive functions; judgment; social interaction; orientation; motor activity; visual spatial orientation; no report of subjective symptoms and normal neurobehavioral effects, communication and consciousness. It was noted that none of the residual conditions attributable to a TBI impact the Veteran’s ability to work. 

On October 2017 VA TBI examination, the Veteran was observed to have undergone a steep cognitive decline in the previous months. The examiner stated that, “The Veteran’s current neurocognitive changes reflect an acute change that has occurred years after the veteran’s traumatic brain injury and there is no nexus that connects the current neurocognitive changes with those of the original TBI.” 

A March 2018 primary care physician’s note notes that the since the Veteran’s TBI during service he has struggled with daily headaches, irritability, impulsivity and trouble completing tasks–including some executive functioning impairment (such as no longer being able to handle finances). The physician noted that while the Veteran’s residuals of a TBI may contribute to memory loss, the Veteran’s recent cognitive issues are a new and separate issue with an unclear etiology. 

A May 2019 VA psychological examination indicates a diagnosis of major frontotemporal neurocognitive disorder (dementia) that is not related to the Veteran’s service-connected residuals of a TBI. The Veteran’s wife noted that the Veteran struggled to keep jobs post-service due to an inability to follow directions or becoming easily angered. She further recounted a history of headaches, depression and anxiety since the Veteran’s separation from service. 

The examiner remarked that, based on testing and assessment during this evaluation and upon comparison with neuropsychological assessments completed in 2009, 2014, 2017 as part of VA TBI examinations, and during a 2017 consult due to noted changes in cognitive functioning, as well as reports from GEM clinic and neurology, the Veteran has had prominent decline in cognitive functioning, behavior, and emotion in approximately the past 2 years. Further, the examiner explained that while the Veteran’s wife reported observable changes in the Veteran’s memory, thinking, behavior, and emotional functioning since the time of his TBI and return from service, previous VA examinations in 2009 and 2014 did not indicate residual symptoms of TBI, including severe recurrent headaches, cognitive functioning, neurobehavioral issues or depression/anxiety.

A September 2019 VA TBI examination noted several cognitive impairments on neuropsychological testing. However, the examiner again explained current cognitive level of function noted on examination is not due to the service-connected residuals of a TBI but due to unrelated frontotemporal dementia.

An August 2019 primary care physician’s note communicates that the Veteran has suffered from daily headaches, irritability, impulsivity and trouble completing tasks in addition to impairment of executive function as a result of his service-connected residuals of a TBI. A December 2019 note from the same primary care physician noted that the since the in-service TBI the Veteran has had difficulty maintaining employment due to poor peer relations, mood swings, memory and concentration issues, ang becoming easily agitated. He has overall had impairment of executive functioning skills such as having no concept of saving money and displaying poor judgment and reasoning skills. The examiner opined that the Veteran’s TBI has affected most of his adult life preventing him from maintaining employment and that the Veteran has been “disabled for far longer than his more recent dementia diagnosis.”

A January 2020 VA examination again reiterated that the Veteran suffered from no functional/occupational impairment due to the residuals of his TBI. Rather, his recent cognitive decline and the resultant impairment is due to his more recent diagnosis of dementia which is etiologically unrelated to his service-connected residuals of a TBI. 

January 2020 VA examinations pertaining to the Veteran’s service-connected scars, TMJ and headaches are also of record. These examination reports specifically refute that these disabilities cause any form of functional/occupational impairment. 

The Board acknowledges that the Veteran’s service-connected residuals of a TBI likely cause a significant degree of impairment that have interfered with his ability to sustain gainful employment. however, that interference is contemplated in the 70 percent assigned rating. Based on the severity of his service-connected disabilities and with consideration of his level of education, special training, and previous work experience, the Board cannot find that combined impact of these disabilities render him unable to obtain and maintain substantially gainful employment at any time during the pendency of the claim.

Rather, the probative medical evidence of record indicates that that a significant degree of the Veteran’s current functional/occupational impairment is attributable to non-service-connected dementia. Notably, the Veteran was not found to have any significant degree of impairment attributable to his service-connected residuals of a TBI on VA examination in September 2009 and July 2014. The Veteran even denied any occupational impairment stemming from this disability when asked about it. The evidence suggests that the Veteran began suffering an acute cognitive decline in approximate October 2017, which was noted during the VA examination conducted at that time. This corresponds to the Veteran’s last reported date of employment in October 2017 as a high school custodian. Up until that point, the Veteran had been employed on a full-time or near full-time basis from September 2009 to October 2017. See November 2019 TDIU application. The evidence therefore indicates that the Veteran’s service-connected disabilities did not render him unemployable prior to his acute cognitive decline due to non-service-connected dementia. 

The Board has considered the December 2019 primary care physician’s opinion that the Veteran has been occupationally impaired due to the residuals of a TBI since before his diagnosis of dementia. It is acknowledged that the Veteran’s residuals of a TBI symptoms have likely caused some degree of functional/occupational impairment. However, September 2009 and July 2014 VA examinations reports containing comprehensive cognitive and neuropsychological testing, which included the Veteran’s own report of symptoms, demonstrate that his symptoms were not severe enough to render him unable to obtain and maintain substantially gainful employment. Contrariwise, the Veteran’s service-connected residuals of a TBI were not noted to cause any degree of occupational impairment and the Veteran self-reported no symptoms that impacted his employability. This assertion is further bolstered by the Veteran’s documented employment history which documents full or close to full-time employment for a period of 8 years prior to the Veteran’s acute cognitive decline due to non-service-connected dementia. The Board emphasizes again that it may only consider the affect that the Veteran’s service-connected disabilities have on his ability to obtain and maintain substantially gainful employment. 

In sum, the preponderance of the evidence weighs against finding that the Veteran’s service-connected disabilities, when considered in association with his educational attainment and occupational background, render him unable to secure or follow a substantially gainful occupation. In that regard, the preponderance of the evidence indicates that the Veteran’s non-service-connected dementia causes a substantial degree of occupational impairment which the Board cannot consider because this disability is not service connected. Entitlement to a TDIU is thus not established. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not applicable, and the claim must be denied. 38 U.S.C. § 5107 (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Jennifer White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kyle McKone

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.