Citation Nr: AXXXXXXXX
Decision Date: 10/30/21 Archive Date: 10/30/21

DOCKET NO. 200226-72475
DATE: October 30, 2021

ORDER

A total disability rating based on individual unemployability (TDIU) is denied.

FINDING OF FACT

The weight of the evidence is against finding that the Veteran's service-connected disabilities have precluded him from obtaining or maintaining substantially gainful employment at the time the January 29, 2020 rating decision was issued. 

CONCLUSION OF LAW

The criteria for a TDIU rating have not been met. 38 U.S.C. §§ 1155, 5103, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16, 4.19, 4.25.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1978 to March 1983. The Veteran provided testimony before the undersigned Veterans Law Judge (VLJ) at a May 2021 Board hearing. A complete transcript is of record. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

This case comes to the Board after the Veteran filed a form 10-182 selecting the Board's hearing lane, following the issuance of the January 29, 2020 rating decision. Of note, the rating decision serves as the decisional document which closes the record for adjudication. That is, by selecting the hearing lane, the Board's review is limited to the evidentiary record as of the date the regional office issued its decision on January 29, 2020; evidence submitted at the hearing, to include the Veteran's testimony, a transcript of which is of record; and any evidence received within 90 days following the hearing held on May 24, 2021. See 38 C.F.R. § 20.302 (a).

TDIU

The Veteran asserts that he has been unemployed since October 2020 and has not been able to work due to his service-connected PTSD and lumbar spine disabilities. 

VA received the Veteran's Application for Increased Compensation Based on Unemployability on September 9, 2019. A January 2020 rating decision denied the Veteran's TDIU claim. The Veteran disagreed with that decision and this appeal ensued. The Board recognizes that a separate Board decision has granted service connection for PTSD and thus, the PTSD will also be taken into account when adjudicating this TDIU claim. Here, the Board recognizes that the Veteran is service-connected for various conditions, but his service-connected disabilities that will be the focus of this TDIU analysis will be his lumbar spine disability, PTSD, and his bilateral lower extremity radiculopathy. 

The Board notes this decision has been written consistent with the AMA framework, which means that this decision is limited in scope and only pertains to the severity of the Veteran's disabilities at the time of the rating decision on appeal. In other words, AMA is rear-facing, in that any evidence received after January 2020, to include private medical opinions and testimony from the May 2021 Board hearing may be used, but will only be used to determine whether the Veteran was unemployable at the time of the January 2020 rating decision denying the TDIU claim. 

Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, the disability shall be ratable at 60 percent or more, and that, if there are two or more service-connected disabilities, at least one must be rated at 40 percent or more and the combined rating must be 70 percent or more. 38 C.F.R. § 4.16 (a).

Assignment of a TDIU evaluation requires that the record reflect some factor that "takes the claimant's case outside the norm" of any other Veteran rated at the same level. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993). The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Id. 

Here, the Veteran has a combined 70 percent rating from November 20, 2013, forward, and has one disability is rated at 40 percent. As such, the Veteran meets the schedular requirement for a TDIU. 38 C.F.R. § 4.16 (a).

The Veteran testified at the May 2021 Board hearing that his back hindered his job as a mail carrier because it prevented him from lifting over 10 pounds and he had experienced back pain that was exacerbated by bending and getting in and out of his mail truck. He also testified that his mental health caused him to stop working, in October 2020. He explained that when the new Postmaster General started, he delayed First Class Mail, which set everyone back a few days. He stated that a person was brought in to clean up the problems and was more or less a dictator, which the Veteran could not stand. He was advised by his union representative to let it go, but reported that when he was given a truck that leaked exhaust fumes into the vehicle, he could not take it anymore, and went back to the Post Office to take sick leave. After leaving the office, he called his treating VA psychiatrist, who told him to take some time off. During that time, he thought about hurting himself, so he was admitted to the hospital for a week. Since then, he has not been able to go back to work because of the pressure and anxiety and would not be able to get along with all of his coworkers or even the public. Regarding his educational background and past job experience, he testified that he dropped out of school in the 10th grade, but went to evening school to complete a GED program. He reported that after he got out of the military, he started working at a bar, as a drapery installer, and then was a postal worker for 26 years, until October 2020. 

The Veteran was afforded a VA examination for his back in January 2020. On examination, his range of motion of the spine was limited to half of the normal range of motion, for each respective plane of motion. Muscle strength testing showed 4/5 strength in all planes of motion. The examiner reported that the severity of the Veteran radiculopathy was moderate and noted moderate constant pain, moderate paresthesias, and moderate numbness. The examiner indicated that the Veteran had decreased range of motion, was limited in his ability to bend over, and had an inability to lift more than 10 pounds, which impacted his ability to work. 

The Veteran was afforded a VA examination for PTSD in June 2020, but the examiner found that he did not meet the diagnostic criteria for PTSD under the DSM-5 criteria. The only diagnosis the examiner noted was for insomnia. 

However, the Veteran's treating VA psychiatrist provided a May 2020 statement showing a diagnosis for PTSD. The psychiatrist noted that the Veteran was under their care for anxiety and depressive symptoms.

The Veteran's treating VA psychiatrist also provided a U.S. Department of Labor Work Capacity Evaluation, regarding psychiatric/psychological conditions. See Medical Treatment Record received January 23, 2021. The psychiatrist reported that the Veteran would be able to work 0 hours a week and that the number of hours would not increase because returning to work would likely result in decompensation and he has an emotional dyscontrol that makes him incapable of handling daily stress at work and having appropriate interactions with coworkers and customers. The psychiatrist also stated that he had overwhelming anxiety, emotional dyscontrol, was unable to sustain attention, and was unable to consistently interact with coworkers and customers in an appropriate manner. The psychiatrist reported that the Veteran was not able to perform his usual job because he was incapable of performing his duties as a postal worker in a reliable and sustainable manner. The psychiatrist reported that he was recommending that the Veteran medically retire. 

A review of the Veteran's post-service treatment records corroborates his testimony that he was admitted to the hospital for a week. See Private Treatment Record dated October 9, 2020. The Discharge Plan shows that he was admitted on October 2, 2020, due to suicidal ideation. The Veteran was discharged to his wife, and the discharge report indicated that the Veteran completed a treatment plan goal, engaged in psychiatric treatment plan goals, and was compliant with medication management. 

The Board recognizes that the Veteran has provided substantial positive evidence, in support of his claim for a TDIU. However, the evidence of record has not established that he was unemployable at the time of the January 2020 rating decision, which is required under the AMA framework. Here, all of the probative and competent evidence of record points to the Veteran becoming unemployable in October 2020, when his treating psychiatrist recommended, he leave work and seek psychiatric help. The January 2021 work capacity evaluation does not provide any indication or suggestion that the Veteran was unemployable in January 2020. Instead, it was recommended that the Veteran medically retire, which further indicates that he became unemployable in October 2020. 

Here, the Board finds that under the AMA framework, the Veteran has not met the criteria for a TDIU. At the time of the January 2020 rating decision, the Veteran was still employed as a letter carrier with the Postal Service. He testified that his work situation became too much to handle in October 2020, when the new Postmaster General changed some internal policies; and his treating VA psychiatrist has indicated he became too disabled to work in October 2020. 

Accordingly, a TDIU is denied.

The Board acknowledges that the Veteran has submitted competent evidence indicating that his service-connected PTSD has precluded him from obtaining and maintaining substantially gainful employment, namely the May 2020 statement from the private psychiatrist and the January 2021 U.S. Department of Labor Work Capacity Evaluation. However, as previously discussed, the AMA framework is limited in scope and only pertains to the severity of the Veteran's disabilities at the time of the rating decision on appeal. The Board notes that the Veteran's claim for a TDIU was denied because of the AMA framework. 

Although this Board decision was unable to grant him a TDIU, the Veteran is invited to file a Supplemental Claim and submit or identify the aforementioned evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. 

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E. Fu, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.